**In re HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE ASSOCIATION, Shawn Metoyer, and Wes Suttle.**

No. 09–03–302–CV.

Court of Appeals of Texas, Beaumont.

Submitted on July 24, 2003.

Decided Aug. 29, 2003.

William David Farmer, Todd A. Worrich, Curney, Garcia, Farmer, Pickering & House, P.C., San Antonio, for relators.

James A. Holmes, Wellborn, Houston, Adkison, Mann, Sadler & Hill, L.L.P., Henderson, for real parties in interest.

Before STEVE McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Hochheim Prairie Farm Mutual Insurance Association ("Hochheim"), Shawn Metoyer, and Wes Suttle seek a writ of mandamus commanding the Honorable Monte D. Lawlis, Judge for the 1st District Court of Jasper County, to vacate an order requiring the relators to produce documents and to submit to pre-suit depositions. For the reasons stated below, we grant relief.

Hochheim insured Gary Nolan and Cathy Nolan under a personal automobile policy with a $25,000 limit of liability. The Nolans' daughter Shelly perished in an accident while driving a non-owned vehicle. Joshua Hargrove also sustained fatal injuries in the motor vehicle accident. In November 2002, his parents, John Hargrove and Leisa Hargrove, extended to Hochheim the opportunity to resolve their claims against Hochheim's insured in exchange for payment of policy limits. Hochheim did not respond within the time stated in the demand, and the Hargroves filed suit against the Estate of Shelly Nolan.[1] That litigation has not yet proceeded to trial.

■ John Hargrove and Leisa Hargrove ("the Hargroves") filed a verified petition for pre-suit depositions in the 1st District Court of Jasper County, Texas.[2] See Tex.R. Civ. P. 202. The Hargroves allege that they are currently engaged in litigation with Hochheim's insured to determine the extent of their damages, and will seek a turnover of all rights of the Estate of Shelly Nolan against Hochheim for its mishandling of the Hargroves'

claims against the Estate. The Hargroves petitioned to take the oral, videotaped depositions of Metoyer and Suttle "for purposes of investigating potential claims they may have against HOCHHEIM as judgment creditors of the Estate of SHELLY DANIELLE NOLAN." The Hargroves alternatively pleaded for discovery in anticipation of a suit to which they may be a party, namely, a suit "in the nature of a suit for common law bad faith, Texas Insurance Code violations and Deceptive Trade Practices" in which Hochheim "will have interests adverse to their own."

The designated deponents are Wes Suttle, an employee of R.E. Read L.L.C. retained by Hochheim as an independent claims adjuster to handle the claims arising from the accident, and Shawn Metoyer, a claims supervisor with Hochheim or an affiliated company. According to the Hargroves, Suttle will testify to the presentation, investigation and evaluation of the claims presented by the Hargroves against the Nolan Estate, and Metoyer will reveal personal knowledge of the presentation of the Hargroves' claims, Hochheim's handling of the demand for settlement, and the reasons for Hochheim's failure to respond to the Hargroves' settlement offer prior to its expiration. The documents to be produced include communications regarding the offer of settlement and evidence reflecting their knowledge of the Hargroves' settlement with another insurer. The Hargroves' petition alleged that they desire Suttle's testimony because Suttle possesses information "vital to the HARGROVES' understanding of the facts surrounding the presentation, administration and evaluation of their underlying

---

1. Although his name does not appear in any of the parties' pleadings, the trial court's order identifies the representative of the Estate of Shelly Nolan as T. John Ward, Jr.

2. Although the Hargroves did not plead their representative capacity in their petition for pre-suit depositions, Hochheim's mandamus petition concedes that the Hargroves are acting individually and as representatives of the Estate of Joshua Hargrove.

claims." Metoyer's testimony, the Hargoves alleged, "is vital to their understanding of the facts surrounding the claim . . . ." "In equity," the Hargroves' alleged, "the HARGROVES should be allowed to obtain and preserve this testimony before it has been diminished by the passing of time or the witness becomes unavailable."

The relators' response noted that the Hargroves "have not established, through adjudication, that Shelly Danielle Nolan was responsible for the automobile accident." The Hargroves' assertions, the relators alleged, also must be evaluated in the context of a demand to an excess insurer. The response argued that their insured's opponent should not be able to discover through a Rule 202 petition evidence not discoverable in the litigation pending against the insured. Suttle and Metoyer submitted affidavits that they have no plans to move outside their current counties of residence, that they are unaware of any circumstances that would render them unavailable to appear or testify in the future, and that their employers have no plans to destroy any document generated in connection with the investigation of the Nolan accident.

The trial court granted the petition without conducting an evidentiary hearing. The order limits use of the testimony and documents to proceedings initiated by the Hargroves against the relators and prohibits its use in the suit filed by the Hargroves against the representative of the Estate of Shelly Nolan. In their petition to this Court, the relators contend that appeal is not an available remedy. *See Valley Baptist Medical Center v. Michael Gonzalez, Jr.,* 18 S.W.3d 673 (Tex.App.-Corpus Christi 1999), *vacated as moot,* 33 S.W.3d 821 (Tex.2000); *see also In re Akzo Nobel Chemical, Inc.,* 24 S.W.3d 919, 920 (Tex.App.-Beaumont 2000, orig. proceeding). The real parties in interest do not

challenge the availability of mandamus as a remedy to challenge a Rule 202 discovery order, but argue that pre-suit depositions and production of documents are appropriate in this case.

Pre-suit depositions are authorized by the rule in two circumstances: if the trial court finds that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit, or the trial court finds that the likely benefit of allowing the petitioner to take the deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX.R. CIV. P. 202.4. The Hargroves articulated only the vague notion that they should be entitled to obtain and preserve this testimony before it has been diminished by the passing of time or the witness becomes unavailable. The affidavits of Suttle and Metoyer establish the availability of their testimony and supporting documentary evidence if and when the Hargroves file a suit against Hochheim. The real parties in interest argue that the relators failed to present the trial court with evidence to substantiate any claim of undue burden and that the depositions would not unduly burden Suttle and Metoyer because the examinations would be conducted at their offices. The actual burden imposed upon the relators in this situation weighs heavily upon the insurer's relationship with its insured.

■ The cause of action for which the Hargroves are conducting pre-suit depositions is for Hochheim's negligent failure to settle the Nolans' claim when the Hargroves offered to settle within policy limits. *See G.A. Stowers Furniture Co. v. American Indem. Co.,* 15 S.W.2d 544 (Tex. Comm'n App.1929, holding approved). A *"Stowers"* cause of action accrues when the judgment in the underlying case becomes final. *Street v. Honorable Second Court of Appeals,* 756 S.W.2d 299, 301 (Tex.1988).

The cause of action belongs solely to the insured, not the injured party. *Cook v. Superior Ins. Co.*, 476 S.W.2d 363, 364 (Tex.Civ.App.-Beaumont 1972, writ ref'd n.r.e.). Thus, the real parties in interest seek to investigate and obtain evidence supporting their litigation opponent's unaccrued cause of action, based solely upon their anticipation that they may become the judgment creditors of the insured. The Hargroves concede that they would not be entitled to the discovery in the underlying litigation and they can achieve no benefit from conducting discovery at this time because the trial court's order granting the petition to conduct depositions expressly prohibits their use in their suit against the representative of Hochheim's insured. Given that the real parties in interest adduced no evidence of imminent loss of the witnesses' testimony, the prejudice to the insurance company in having to submit its employees for deposition far outweighs any benefit to the real parties in interest.

We hold that the trial court abused its discretion by granting the petition for pre-suit depositions and production of documents. Issues one and two are sustained. We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its June 4, 2003, order that Wes Suttle and Shawn Metoyer present themselves for pre-suit depositions and produce documents. We are confident that the trial court will promptly comply with our opinion. The writ will issue only if the court does not do so.

WRIT CONDITIONALLY GRANTED.

DON BURGESS, Justice, dissenting.

I respectfully dissent. The majority finds the trial court abused his discretion in granting the petition by holding: "... the prejudice to the insurance company in having to submit its employees for deposition far outweighs any benefit to the real parties in interest." With all due respect to my brethren, this is not the standard. Tex.R. Civ. P. 202.4 states:

### 202.4 Order

(a) *Required Findings.* The court must order a deposition to be taken if, but only if, it finds that:

(1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit: or

(2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.

(b) *Contents.* The order must state whether a deposition will be taken on oral examination or written questions. The order may also state the time and place at which a deposition will be taken. If the order does not state the time and place at which a deposition will be taken, the petitioner must notice the deposition as required by Rules 199 or 200. The order must contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure.

Nowhere in the rule is the word "prejudice" used. The balancing test is "benefit" versus "burden." The trial judge is in the better position than this court to perform this balancing test. I would defer to his judgment and deny the mandamus.