COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-197-CV

IN RE JENNIFER CAMPOS 

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In this original proceeding, 
Relator Jennifer Campos
 seeks a writ of mandamus commanding Respondent, the Honorable Jake Collier, to rescind his May 29, 2007 order that requires Campos to appear for a rule 202
(footnote: 2) deposition and to produce documents
.  
In her petition, Campos argues that
 venue is improper in Denton County and that 
the trial court abused its discretion by granting the rule 202 discovery.  Becaus
e we hold that venue was proper but that the trial court abused its discretion by requiring Campos to appear for a deposition pursuant to rule 202
, we will conditionally grant the writ.

II.  Factual and Procedural Background

Phyllis Parsons’s husband, a pipefitter, died in an accident while working in Kansas for his Oklahoma-based employer.  On the day of the deadly accident, Parsons’s husband was pressure testing a valve.  Based on information that Parsons gathered, it appeared that the valve may have been defective in some manner and may have failed, causing her husband to fall off scaffolding after he was struck by parts of the valve or by high pressure water. 

Pursuant to rule 202 of the rules of civil procedure, Parsons filed an original petition in Denton County, Texas, in Respondent’s court 
for the purpose of investigating a possible claim relating to her husband’s death.  Parsons’s petition sought specifically to obtain the deposition of “Jennifer Compos [sic] and for the production of an investigative report which is necessary to investigate a claim.”  

Respondent conducted a hearing concerning Parsons’s rule 202 petition.  Campos testified at the hearing that she was a senior workers’ compensation adjuster and was employed by Gallagher Bassett Services, a third party administrator that handles workers’ compensation claims.  
Campos testified that Gallagher Bassett Services was representing Meadowbrook Claims Services, the entity that had written a workers’ compensation policy for Global Industrials—Parsons’s husband’s employer.  Thus, Campos said that her company was acting as the administrator of workers’ compensation benefits concerning Parsons’s husband’s death. 

Campos testified that her role was to verify Parsons’s husband’s employment and to verify that coverage existed.  
Campos testified that she did not perform an onsite investigation.  Campos said that pursuant to OSHA regulations Meadowbrook Claims Services had, however, hired a company—JCS—to conduct an onsite investigation of the accident.  Campos indicated that she had received a copy of the 176-page report generated by JCS.  Campos testified that she had not reviewed the report; she simply turned it over to counsel for Gallagher Bassett Services 
so that counsel could determine whether to pursue a claim of third party involvement for the accident.  Campos testified that she is not authorized to send information from the file to other parties because the file is not her property. 

Additionally, Campos testified that she did not have a right to possession of the valve that was involved in the accident and that she did not have a right to contact anybody at the accident site in Kansas regarding the valve because she does not have an “employer/client relationship” with that entity.  Campos explained that she does not know whether the valve has been tested and that to her knowledge, she has not received any reports indicating that it has been tested. 

Finally, Campos testified that her involvement in this case essentially ended after she set up a workers’ compensation file; she is waiting for Parsons to take the next step by filing a workers’ compensation claim in Oklahoma.
(footnote: 3)  

Parsons’s attorney testified next at the rule 202 hearing.  Following his testimony, the trial court ruled that Parsons could depose Campos and ordered Campos to produce a copy of the JCS investigative report at her deposition.  The trial court later issued a written order in accordance with its oral ruling and included findings of fact in the order. 

Campos subsequently filed this petition for writ of mandamus and in her first issue sought an emergency stay.  We granted Campos’s request for an emergency stay and stayed Respondent’s May 29, 2007 order that required Campos to submit to deposition by June 18, 2007, and ordered her to produce the JCS report at the deposition.  
Parsons has filed a response to Campos’s petition for writ of mandamus, and the record from the rule 202 hearing has been filed,
(footnote: 4) so we proceed with our review of the merits of the remaining two issues presented in Campos’s petition.

III.  Standard of Review

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal.  
 
In re Colonial Pipeline Co
., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding)
; Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  When determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed.  
Colonial Pipeline
, 968 S.W.2d at 941. 

IV.  Venue is Proper in Denton County 

In her second issue, Campos argues that venue for Parsons’s rule 202 proceeding was improper in Denton County.  Specifically, Campos contends that no Texas county has jurisdiction to consider Parsons’s rule 202 petition because she pleaded that her husband’s accident occurred in Kansas and that her husband’s employer was headquartered in Oklahoma. 

Rule 202.1 allows a person to petition the court for an order authorizing the taking of a deposition on oral examination or on written questions either to perpetuate or obtain the person’s own testimony or that of any other person for use in an anticipated suit or to investigate a potential claim or suit.  
Tex. R. Civ. P.
 202.1.  The petition must be filed in a proper court of any county where venue of the anticipated suit may lie, if suit is anticipated, or where the witness resides, if no suit is yet anticipated.  
Tex. R. Civ. P.
 202.2(b).  Thus, the proper venue in which to file a rule 202 petition depends on whether the deposition is being requested for use in an anticipated suit or merely to investigate a potential claim.

Here, Parsons stated numerous times in her original petition that she was seeking Campos’s deposition “to investigate a potential claim.”  She also stated in her original petition that venue was proper in Denton County pursuant to rule 202.2 because the witness, Campos, resided in Denton County.  Thus, it would appear that venue is proper in Denton County.

Campos argues, however, that venue is not proper in Denton County because in fact Parsons does anticipate filing a suit and that her attempts to characterize her anticipated action as a “claim” instead of a “suit” is a nonexistent semantic distinction.  Campos bases this contention on language from Parsons’s original petition and on Parsons’s argument at the rule 202 hearing below explaining that she anticipated pursuing either a workers’ compensation “claim” in Oklahoma or a third party “claim” against parties in Kansas.  Moreover, Campos points out that testimony at the rule 202 hearing revealed that workers’ compensation is handled via the court system in Oklahoma rather than through an administrative claim process and argues that both of Parsons’s alleged “claims” are in fact anticipated “suits.”

Because the record before us contains conflicting evidence regarding whether Parsons anticipated filing suit, we cannot say that the trial court’s determination that venue was proper in Denton County 
constitutes a clear abuse of discretion.  
See Colonial Pipeline Co
., 968 S.W.2d at 941;
 Walker
, 827 S.W.2d at 839;
 
cf. In re Akzo Nobel Chem., Inc.
, 24 S.W.3d 919, 920-21 (Tex. App.—Beaumont 2000, orig. proceeding) (holding that venue of underlying suit would necessarily lie in Harris County where the accident occurred and where relators had principal office because real party in interest conceded that suit was anticipated).  We therefore overrule Campos’s second issue.

V. Ordering Campos’s Deposition Constituted an Abuse of Discretion

In her third issue, Campos argues that the trial court abused its discretion by entering the May 29, 2007 order because the evidence presented by Parsons at the hearing does not support an order granting rule 202 discovery. 

Rule 202 authorizes a trial court to order the taking of a presuit deposition only if it finds that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit or that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.  
Tex. R. Civ.  P. 
202.4(a). Mandamus relief is appropriate in the context of improperly ordered presuit depositions or presuit rule 202 discovery because relators have no adequate remedy by appeal.  
See In re Hewlett Packard
, 212 S.W.3d 356, 364 (Tex. App.—Austin 2006, orig. proceeding) (conditionally granting mandamus relief and ordering trial court to vacate its order granting real party in interest’s rule 202 petition); 
In re Hochheim Prairie Farm Mut. Ins. Ass’n
, 115 S.W.3d 793, 796 (Tex. App.—Beaumont 2003, orig. proceeding) (holding that trial court abused its discretion by granting petition for presuit depositions and production of documents from insurance claims adjusters); 
 Akzo Nobel Chem., Inc.
, 24 S.W.3d at 920-21.
 
 

Here, at the rule 202 hearing, the trial court allowed Parsons to question Campos about her knowledge of the accident.  Campos testified that she had not done an accident investigation, that she had not read the JCS report, that she did not have possession of the valve at issue, and that she had not received any reports showing that the valve had been tested.
  
Campos testified that her only involvement was to verify Parsons’s husband’s employment and coverage and to open a workers’ compensation file.  Campos testified 
that 
she had no authority to provide information from her employer’s file—for example, the JCS report—to other parties
.

Based on Campos’s testimony at the rule 202 hearing, she possessed no information that would be useful to Parsons.  A trial court may order the taking of a presuit deposition only if it finds either (1) that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit or (2) that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.  
Tex. R. Civ.  P. 
202.4(a).  Because Campos has already testified under oath that, essentially, she does not possess any of the information sought by Parsons, neither of the above two requisites can be satisfied.  Consequently, the trial court abused its discretion by entering an order permitting Parsons to take a presuit deposition of Campos pursuant to rule 202.  
See Hewlett Packard
, 212 S.W.3d at 364 (holding trial court abused discretion by ordering rule 202 depositions when relator failed to meet burden of establishing that the benefit of the requested depositions in the situation presented outweighed the burden or expense); 
 Hochheim Prairie Farm Mut. Ins. Ass’n
, 115 S.W.3d at 796 (same). 
  

Because the trial court abused its discretion by entering the May 29, 2007 order granting Parsons’s rule 202 petition
, we sustain Campos’s third issue. 

VI.  Conclusion

Having sustained Campos’s third issue, we lift our stay order of June 14, 2007, and conditionally grant the writ of mandamus.  The trial court is ordered to vacate its order of May 29, 2007.  We are confident that the trial court will comply with this opinion within the next thirty days.  The writ will issue only if the trial court fails to comply.

PER CURIAM

PANEL B: WALKER, DAUPHINOT, and GARDNER, JJ.

DELIVERED: July 12, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. Civ. P. 202.
 

3:
The record revealed that the workers’ compensation system in Oklahoma is a lawyer-driven, case-driven system as opposed to an administrative system like in Texas. 

4:
Addtionally, Campos filed a reply to Parsons’s response, which we have also reviewed.