COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-07-197-CV

 

 

 

IN RE JENNIFER CAMPOS                                                                     

------------

 

FROM THE 158TH
DISTRICT COURT OF DENTON COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

I.  Introduction








In this original proceeding, Relator Jennifer
Campos seeks a writ of mandamus commanding Respondent, the Honorable Jake
Collier, to rescind his May 29, 2007 order that requires Campos to appear for a
rule 202[2]
deposition and to produce documents.  In
her petition, Campos argues that venue is improper in Denton County and that
the trial court abused its discretion by granting the rule 202 discovery.  Because we hold that venue was proper but
that the trial court abused its discretion by requiring Campos to appear for a
deposition pursuant to rule 202, we will conditionally grant the writ.

II.  Factual and Procedural Background

Phyllis Parsons=s
husband, a pipefitter, died in an accident while working in Kansas for his
Oklahoma-based employer.  On the day of
the deadly accident, Parsons=s
husband was pressure testing a valve. 
Based on information that Parsons gathered, it appeared that the valve
may have been defective in some manner and may have failed, causing her husband
to fall off scaffolding after he was struck by parts of the valve or by high
pressure water. 

Pursuant to rule 202 of the rules of civil
procedure, Parsons filed an original petition in Denton County, Texas, in
Respondent=s court for the purpose of
investigating a possible claim relating to her husband=s
death.  Parsons=s
petition sought specifically to obtain the deposition of AJennifer
Compos [sic] and for the production of an investigative report which is
necessary to investigate a claim.@  








Respondent conducted a hearing concerning Parsons=s rule
202 petition.  Campos testified at the
hearing that she was a senior workers=
compensation adjuster and was employed by Gallagher Bassett Services, a third
party administrator that handles workers=
compensation claims.  Campos testified
that Gallagher Bassett Services was representing Meadowbrook Claims Services,
the entity that had written a workers= compensation
policy for Global IndustrialsCParsons=s
husband=s
employer.  Thus, Campos said that her
company was acting as the administrator of workers=
compensation benefits concerning Parsons=s
husband=s death.


Campos testified that her role was to verify
Parsons=s
husband=s
employment and to verify that coverage existed. 
Campos testified that she did not perform an onsite investigation.  Campos said that pursuant to OSHA regulations
Meadowbrook Claims Services had, however, hired a companyCJCSCto
conduct an onsite investigation of the accident.  Campos indicated that she had received a copy
of the 176-page report generated by JCS. 
Campos testified that she had not reviewed the report; she simply turned
it over to counsel for Gallagher Bassett Services so that counsel could
determine whether to pursue a claim of third party involvement for the
accident.  Campos testified that she is
not authorized to send information from the file to other parties because the
file is not her property. 








Additionally, Campos testified that she did not
have a right to possession of the valve that was involved in the accident and
that she did not have a right to contact anybody at the accident site in Kansas
regarding the valve because she does not have an Aemployer/client
relationship@ with that entity.  Campos explained that she does not know
whether the valve has been tested and that to her knowledge, she has not
received any reports indicating that it has been tested. 

Finally, Campos testified that her involvement in
this case essentially ended after she set up a workers=
compensation file; she is waiting for Parsons to take the next step by filing a
workers=
compensation claim in Oklahoma.[3]  

Parsons=s
attorney testified next at the rule 202 hearing.  Following his testimony, the trial court
ruled that Parsons could depose Campos and ordered Campos to produce a copy of
the JCS investigative report at her deposition. 
The trial court later issued a written order in accordance with its oral
ruling and included findings of fact in the order. 








Campos subsequently filed this petition for writ
of mandamus and in her first issue sought an emergency stay.  We granted Campos=s
request for an emergency stay and stayed Respondent=s May
29, 2007 order that required Campos to submit to deposition by June 18, 2007,
and ordered her to produce the JCS report at the deposition.  Parsons has filed a response to Campos=s
petition for writ of mandamus, and the record from the rule 202 hearing has
been filed,[4]
so we proceed with our review of the merits of the remaining two issues
presented in Campos=s petition.

III.  Standard of Review

Mandamus will issue to correct a discovery order
if the order constitutes a clear abuse of discretion and there is no adequate
remedy by appeal.   In re Colonial
Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  When determining whether the trial court
abused its discretion, we are mindful that the purpose of discovery is to seek
the truth so that disputes may be decided by what the facts reveal, not by what
facts are concealed.  Colonial
Pipeline, 968 S.W.2d at 941. 

IV.  Venue is Proper in Denton County 

In her second issue, Campos argues that venue for Parsons=s rule 202
proceeding was improper in Denton County. 
Specifically, Campos contends that no Texas county has jurisdiction to
consider Parsons=s rule 202 petition because she pleaded
that her husband=s accident occurred in Kansas and that her
husband=s employer was
headquartered in Oklahoma. 








Rule 202.1 allows a person to petition the court for an
order authorizing the taking of a deposition on oral examination or on written
questions either to perpetuate or obtain the person=s own testimony or
that of any other person for use in an anticipated suit or to investigate a
potential claim or suit.  Tex. R. Civ. P. 202.1.  The petition must be filed in a proper court
of any county where venue of the anticipated suit may lie, if suit is
anticipated, or where the witness resides, if no suit is yet anticipated.  Tex.
R. Civ. P. 202.2(b).  Thus, the
proper venue in which to file a rule 202 petition depends on whether the deposition
is being requested for use in an anticipated suit or merely to investigate a
potential claim.

Here, Parsons stated numerous times in her original
petition that she was seeking Campos=s deposition Ato investigate a
potential claim.@ 
She also stated in her original petition that venue was proper in Denton
County pursuant to rule 202.2 because the witness, Campos, resided in Denton
County.  Thus, it would appear that venue
is proper in Denton County.








Campos argues, however, that venue is not proper in Denton
County because in fact Parsons does anticipate filing a suit and that her
attempts to characterize her anticipated action as a Aclaim@ instead of a Asuit@ is a nonexistent
semantic distinction.  Campos bases this
contention on language from Parsons=s original
petition and on Parsons=s argument at the rule 202 hearing below
explaining that she anticipated pursuing either a workers= compensation Aclaim@ in Oklahoma or a
third party Aclaim@ against parties
in Kansas.  Moreover, Campos points out
that testimony at the rule 202 hearing revealed that workers= compensation is
handled via the court system in Oklahoma rather than through an administrative
claim process and argues that both of Parsons=s alleged Aclaims@ are in fact
anticipated Asuits.@

Because the record before us contains conflicting evidence
regarding whether Parsons anticipated filing suit, we cannot say that the trial
court=s determination
that venue was proper in Denton County constitutes a clear abuse of
discretion.  See Colonial Pipeline Co.,
968 S.W.2d at 941; Walker, 827 S.W.2d at 839; cf. In re Akzo Nobel
Chem., Inc., 24 S.W.3d 919, 920-21 (Tex. App.CBeaumont
2000, orig. proceeding) (holding that venue of underlying suit would
necessarily lie in Harris County where the accident occurred and where relators
had principal office because real party in interest conceded that suit was
anticipated).  We therefore overrule
Campos=s second
issue.

V.
Ordering Campos=s Deposition Constituted an Abuse
of Discretion

 

In her third issue, Campos argues that the trial court
abused its discretion by entering the May 29, 2007 order because the evidence
presented by Parsons at the hearing does not support an order granting rule 202
discovery. 








Rule 202 authorizes a trial court to order the
taking of a presuit deposition only if it finds that allowing the petitioner to
take the requested deposition may prevent a failure or delay of justice in an
anticipated suit or that the likely benefit of allowing the petitioner to take
the requested deposition to investigate a potential claim outweighs the burden
or expense of the procedure.  Tex. R. Civ. 
P. 202.4(a). Mandamus relief is appropriate in the context of
improperly ordered presuit depositions or presuit rule 202 discovery because
relators have no adequate remedy by appeal. 
See In re Hewlett Packard, 212 S.W.3d 356, 364 (Tex. App.CAustin
2006, orig. proceeding) (conditionally granting mandamus relief and ordering
trial court to vacate its order granting real party in interest=s rule
202 petition); In re Hochheim Prairie Farm Mut. Ins. Ass=n, 115
S.W.3d 793, 796 (Tex. App.CBeaumont
2003, orig. proceeding) (holding that trial court abused its discretion by
granting petition for presuit depositions and production of documents from
insurance claims adjusters);  Akzo
Nobel Chem., Inc., 24 S.W.3d at 920-21. 








Here, at the rule 202 hearing, the trial court
allowed Parsons to question Campos about her knowledge of the accident.  Campos testified that she had not done an
accident investigation, that she had not read the JCS report, that she did not
have possession of the valve at issue, and that she had not received any
reports showing that the valve had been tested. 
Campos testified that her only involvement was to verify Parsons=s
husband=s
employment and coverage and to open a workers=
compensation file.  Campos testified that
she had no authority to provide information from her employer=s fileCfor
example, the JCS reportCto other parties.

Based on Campos=s
testimony at the rule 202 hearing, she possessed no information that would be
useful to Parsons.  A trial court may
order the taking of a presuit deposition only if it finds either (1) that
allowing the petitioner to take the requested deposition may prevent a failure
or delay of justice in an anticipated suit or (2) that the likely benefit of
allowing the petitioner to take the requested deposition to investigate a
potential claim outweighs the burden or expense of the procedure.  Tex.
R. Civ.  P. 202.4(a).  Because Campos has already testified under
oath that, essentially, she does not possess any of the information sought by
Parsons, neither of the above two requisites can be satisfied.  Consequently, the trial court abused its
discretion by entering an order permitting Parsons to take a presuit deposition
of Campos pursuant to rule 202.  See
Hewlett Packard, 212 S.W.3d at 364 (holding trial court abused discretion
by ordering rule 202 depositions when relator failed to meet burden of
establishing that the benefit of the requested depositions in the situation
presented outweighed the burden or expense);  Hochheim Prairie Farm Mut. Ins. Ass=n, 115
S.W.3d at 796 (same).   








Because the trial court abused its discretion by
entering the May 29, 2007 order granting Parsons=s rule
202 petition, we sustain Campos=s third
issue. 

VI.  Conclusion

Having sustained Campos=s third
issue, we lift our stay order of June 14, 2007, and conditionally grant the
writ of mandamus.  The trial court is
ordered to vacate its order of May 29, 2007. 
We are confident that the trial court will comply with this opinion
within the next thirty days.  The writ
will issue only if the trial court fails to comply.

 

PER
CURIAM

 

PANEL B: WALKER,
DAUPHINOT, and GARDNER, JJ.

 

DELIVERED: July 12, 2007











[1]See Tex. R. App. P. 47.4.





[2]Tex.
R. Civ. P. 202.






[3]The record revealed that
the workers= compensation system in
Oklahoma is a lawyer-driven, case-driven system as opposed to an administrative
system like in Texas. 





[4]Addtionally, Campos filed
a reply to Parsons=s response, which we have
also reviewed.