### In re AKZO NOBEL CHEMICAL, INC. and Kellogg Brown & Root, Inc.

#### No. 09–00–142 CV.

Court of Appeals of Texas, Beaumont.

Submitted June 15, 2000.

Decided Aug. 31, 2000.

Lansford O. Ireson, Jr., Ireson & Weizel, P.C., Houston, R. Bruce Hurley, Gardere Wynne Sewell & Riggs, L.L.P., Houston, Neal Iverson, Iverson & Norwood, Dayton, Larry Germer, Germer Bernsen & Gertz, L.L.P., Beaumont, for appellants.

Richard P. Hogan, Jr., Hogan Dubose & Townsend, L.L.P., Houston, for appellee.

Before WALKER, C.J., BURGESS and FARRIS,[1] JJ.

## OPINION

DAVID FARRIS, Justice (Assigned).

The issues presented by this petition for writ of mandamus involve the proper venue for a petition for depositions under Texas Rule of Civil Procedure 202, and whether Rule 202 authorizes a trial court to order discovery other than by deposition.

The real party in interest, Beatrice Semien, and her late husband, Anthony Semien, petitioned the Respondent, invoking Rule 202, and sought a deposition preserving the testimony of Anthony Semien, an order requiring Relators to designate and produce witnesses to be deposed, and access to the site of an accident where Anthony Semien was injured. The Respondent issued two orders. One ordered the depositions of Anthony Semien and of witnesses designated by the Relators. The other required the Relators to make the accident scene available for inspection, photographing, and videotaping. It is undisputed that the accident occurred in Harris County, that the Semiens resided in Liberty County, but that the Relator's principal offices were not in Liberty County. Anthony Semien died three days after the orders were entered.

■ Relators have no adequate remedy on appeal because their only opportunity to appeal the trial court's orders would occur after the depositions and inspection have transpired. Thus, mandamus is the Relators' only remedy.

■ A Petition under Rule 202 must be filed where venue of the anticipated suit may lie, if suit is anticipated; or where the witness resides, if no suit is yet anticipated. Tex.R.Civ.P. 202.2(b). It is evident from the record, and Beatrice Semien appears to concede that, in this instance, suit was anticipated.

Relators challenge both orders contending that venue was not proper in Liberty County because the petitioners sought discovery for use in an anticipated suit and venue of that suit would lie in Harris County where the accident occurred and where the principal offices of the Relators

1. The Honorable David Farris, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b) (Vernon 1998).

are located. Beatrice Semien argues that under Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a)(4) (Vernon Supp.2000), venue of the anticipated suit could lie in Liberty County because she and her husband resided there. But it is apparent that section 15.002(a)(4) does not apply and venue of the underlying suit would necessarily lie in Harris County where the accident occurred and where the Relators have their principal offices. Beatrice Semien also argues that venue may lie in the county of her residence, under Tex. Civ. Prac. & Rem. Code Ann. § 15.003 (Vernon Supp.2000), if the anticipated suit involves a warranty claim. But the equipment failure described in the petition did not involve consumer goods. *See Gorman–Rupp Corp. v. Kirk*, 601 S.W.2d 49, 51 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

The Relators also complain of the order requiring them to make the accident scene available for inspection because it is not authorized by Rule 202. Neither by its language nor by implication can we construe Rule 202 to authorize a trial court, before suit is filed, to order any form of discovery but deposition.

Accordingly, we hold that the Respondent abused his discretion in entering both orders because the petition was not before a proper court under Rule 202.2(b), and he has ordered discovery not permitted by the rules. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 432 (Tex.1996). We grant Relators' petition. Writ will not issue as we assume the Respondent will withdraw his orders, consistent with this opinion.

WRIT CONDITIONALLY GRANTED.