### In re Simon KIBERU and Harris Methodist H–E–B Hospital, Relators.

No. 2–07–312–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 1, 2007.

Berry & Randall, L.L.P., D. Bowen Berry, Dallas, for relators.

Boehme & Moore, Randall Moore, Fort Worth, for real party in interest.

PANEL A: HOLMAN, GARDNER, and McCOY, JJ.

## OPINION

BOB McCOY, Justice.

### I. Introduction

Relators Simon Kiberu and Harris Methodist H–E–B Hospital seek mandamus relief from the trial court's order allowing real parties in interest J.B. and B.O. (together, "RPIs") to take the presuit depositions of Kiberu and Troy Lee Easley, a former Harris Methodist employee, and to obtain copies of Kiberu's and Easley's personnel files. Because we conclude that the trial court abused its discretion by ordering the taking of Easley's presuit deposition, we conditionally grant the petition for writ of mandamus in part.

### II. Background

In March 2007, real party in interest J.B. was allegedly sexually assaulted at Harris Methodist by CT technician Troy Lee Easley during the administration of a rectal CT scan. Three months later, J.B. and B.O.[1] filed a Rule 202 petition to investigate a potential claim in which they requested the trial court for an order authorizing them to depose Simon Kiberu, a Harris Methodist orderly who may have knowledge of the alleged assault, as well as a corporate representative of Harris Methodist. See TEX.R. CIV. P. 202.1(b). After a hearing on the petition, the trial court denied RPIs' request as to Harris Methodist's corporate representative but granted it as to Kiberu and additionally ordered the deposition of Easley, the alleged perpetrator of the sexual assault, to be taken. Relators now seek mandamus relief.

### III. Law & Application to Facts

### A. Deposition of Troy Lee Easley: Alleged perpetrator

■■■ Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). There is no adequate remedy by appeal when an appellate court cannot remedy a trial court's discovery error. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). An error in compelling a deposition cannot be cured on appeal; therefore, if the deposition was improperly ordered, mandamus relief is proper. *In re El Paso Healthcare Sys.*, 969 S.W.2d 68, 72 (Tex.App.-El Paso 1998, orig. proceeding).

■■■ Relators argue that the trial court abused its discretion by issuing a "unilateral" order allowing RPIs to depose Easley. Indeed, RPIs' Rule 202 petition did not request to take Easley's deposition, and RPIs did not serve Easley with the petition. At the hearing, RPIs' attorney explained that he did not request to take Easley's deposition because Easley "is under criminal indictment for two felonies and is not going to answer any questions. So if—Plus he's out in East Texas, so I can't find him even if I wanted to." Later, however, RPIs' lawyer told the trial court that he wanted to depose both Easley and Kiberu as well as to obtain their personnel files from the hospital. Referring to Easley, RPIs' lawyer explained that "once I find out where he's at, *then* I'll go get something served on him and try to take his deposition." [Emphasis supplied.]

Rule 202.3 requires service of the petition and a notice of hearing on *all persons petitioner seeks to depose* at least fifteen days before the hearing. TEX.R. CIV. P. 202.3(a). There is no dispute that RPIs did not serve Easley and that Easley received no notice of, and did not appear at,

---

1. The record does not reveal B.O.'s connection to J.B. or the alleged assault.

the hearing. Accordingly, we hold that the trial court abused its discretion by ordering Easley to appear for a deposition and produce documents.[2] Furthermore, relators have no adequate remedy by appeal because their only opportunity to appeal the trial court's order would occur after the deposition had transpired. *In re Akzo Nobel Chem., Inc.*, 24 S.W.3d 919, 920 (Tex.App.-Beaumont 2000, orig. proceeding). We therefore hold that, as to the trial court's order requiring the taking of Easley's deposition and production of his personnel file, mandamus relief is proper.

## B. Deposition of Simon Kiberu: Witness to alleged attack

Relators also argue that the trial court abused its discretion by granting RPIs' request for presuit depositions because RPIs' Rule 202 petition is merely a recasting of a health care liability claim, which is subject to the statutory requirement of a preliminary expert report. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp.2007).[3] A plaintiff asserting a health care liability claim may not take the oral deposition of another party until the plaintiff has served this expert report on the other parties. *See id.* § 74.351(s).[4] Relators assert that Kiberu, as an employee of Harris Methodist, is "one of the people that is not to be deposed before the production of an expert report." *See id.* §§ 74.001(a)(12) (Vernon 2005) (defining "health care provider" to include an em-

ployee of a health care institution), (a)(13) (defining "health care liability claim" as "a cause of action against a health care provider"). Relators thus argue that the trial court abused its discretion by granting RPIs' request to take Kiberu's deposition because RPIs' Rule 202 petition constitutes a health care liability claim, yet RPIs have not first complied with the preliminary expert report requirement.

### 1. *Health care liability claim*

Before determining whether the trial court abused its discretion by determining that Rule 202 applies to health care liability claims, we must first consider the threshold issue of whether RPIs' allegation of sexual assault at Harris Methodist constitutes a "health care liability claim" under the civil practice and remedies code. A health care liability claim is a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care. TEX. CIV. PRAC. & REM.CODE ANN. § 74.001(a)(13). Relators cite several cases holding that a lawsuit against a hospital based on the sexual assault of a patient is a health care liability claim because the supervision and monitoring of patients and staff is part of the patient's health care and because patient safety is at issue. *See Diversicare Gen. Ptr., Inc. v. Rubio,*

---

2. The trial court's order says that Easley "is required to produce those documents and items requested in Exhibit 'A,' which is attached to the deposition notice." This is unclear because RPIs' petition attached deposition notices for Kiberu and Harris Methodist only—not for Easley.

3. "In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more

expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." *Id.*

4. Section 74.351(s) provides that "all discovery" is stayed until the expert report is filed except for (1) written discovery, (2) depositions on written questions, and (3) discovery from nonparties. *Id.*

185 S.W.3d 842, 845 (Tex.2005) (holding that another patient's physical assault of plaintiff, a patient in a nursing home, was a health care liability claim); *NCED Mental Health, Inc. v. Kidd,* 214 S.W.3d 28, 31 (Tex.App.-El Paso 2006, no pet.) (holding that mental health technician's sexual assault of mental health center patient was a health care liability claim); *see also Oak Park, Inc. v. Harrison,* 206 S.W.3d 133, 135 (Tex.App.-Eastland 2006, no pet.) (holding that nurses' and counselor's physical assault of patient constituted a health care liability claim).

RPIs, in their response, argue that their claim is not a health care liability claim because sexual assault can never be considered as, and has nothing to do with, health care. But, as *Diversicare* and the other cases cited above show, the actions of the hospital and its employees in hiring, supervising, and training Easley and Kiberu as well as its policies relating to transport of patients and administration of rectal CT scans should fall under the umbrella of "health care liability claim" *if* RPIs file suit against a health care provider, which is at this point uncertain. (RPIs point out in their response that they have not determined what allegations that they would make in a lawsuit, that they have not yet sued Harris Methodist, and that they are not even sure that they will sue Harris Methodist.)

2. *Rule 202 versus Chapter 74's preliminary expert report*

Health care liability claims are subject to the statutory requirement of a preliminary expert report and curriculum vitae. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a). Until this expert report is

filed, a claimant may not take the deposition of another party. *See id.* § 74.351(s).

Courts are split on the issue of whether chapter 74's expert report requirement trumps the Rule 202 presuit deposition procedure—that is, can a petitioner take a presuit deposition pertaining to a health care liability claim without first filing an expert report? *Compare In re Allan,* 191 S.W.3d 483 (Tex.App.-Tyler 2006, orig. proceeding [mand. pending] ) (holding that chapter 74 does not preclude Rule 202 depositions to investigate the merits of a claim) *with In re Mem'l Hermann Hosp. Sys.,* 209 S.W.3d 835 (Tex.App.-Houston [14th Dist.] 2006, orig. proceeding) (holding that because chapter 74 prohibits oral depositions of health care defendants prior to the filing of an expert report, the statute controls and Rule 202 depositions are impermissible) *and In re Raja,* 216 S.W.3d 404 (Tex.App.-Eastland 2006, orig. proceeding [pet. filed] ) (same).[5]

 We agree with the Tyler court of appeals's holding that the definition of "health care liability claim" does not include potential causes of action because "[i]mplicit in the definition of 'cause of action' is that the essential facts are known." *Allan,* 191 S.W.3d at 487. With potential causes of action, the essential facts are *not yet* known, so presuit depositions are used to gather those essential facts so that the petitioner may investigate whether she does indeed have a claim—or whether she does not. *See id.* We therefore conclude that the trial court did not abuse its discretion by ordering Kiberu's presuit deposition to be taken because in this case, it is not yet even certain that

---

**5.** This court previously has denied mandamus relief to a nursing home that argued, in an attempt to avoid presuit depositions, that Rule 202 does not apply to health care liability claims. *See In re Fort Worth Nursing & Rehab. Ctr.,* No. 2–02–357–CV (Tex.App.-Fort Worth Oct. 25, 2002, orig. proceeding) (mem. op.) (not designated for publication) (Gardner, J. would grant temporary relief and request a response).

RPIs will have a health care liability claim to assert.

Furthermore, without Rule 202 depositions, potential claimants might not ever be able to file a lawsuit because they are prohibited from discovering even the "essential facts" necessary for an expert to formulate an initial opinion on the matter and provide an expert report. Allowing Kiberu's deposition in this case squarely serves the purpose of Rule 202—to investigate whether RPIs have a claim. The trial court judge recognized this limited purpose of Rule 202, restricting his order to relator Kiberu and rejecting RPIs' request to depose Harris Methodist's corporate representative because "it's [Rule 202] not to do all of your pretrial discovery before filing your lawsuit. It's merely to find out if you've got a claim." We agree with the trial court and hold that relators are not entitled to mandamus relief as to the trial court's ordering the presuit deposition of orderly Kiberu.

### 3. *Personnel files*

■ While we have held that the trial court did not abuse its discretion by ordering the taking of Kiberu's deposition, its order that Kiberu "produce those documents and items requested in Exhibit 'B,' which is attached to the deposition notice," is another matter. Kiberu's deposition notice does not have an Exhibit B. Harris Methodist's deposition notice does have an Exhibit B, however, and it requires the production of a copy of the personnel files of both Kiberu and Easley.

To the extent that the trial court was referring to this Exhibit B and has ordered Kiberu to produce the personnel files kept by Harris Methodist on Easley, we hold that the trial court has abused its discretion. Kiberu can be ordered to pro-duce only those documents within his possession, custody, or control. *See* Tex.R. Civ. P. 199.2(b)(5) (providing that a deposition notice may request production of documents within the witness's possession, custody, or control); 202.5 (providing that scope of discovery in presuit depositions is the same as if the potential claim had been filed). Accordingly, we hold that the trial court abused its discretion by ordering the production of personnel files other than Kiberu's own file and that relators have no adequate remedy by appeal. *See Dana Corp.,* 138 S.W.3d at 301; *Akzo Nobel Chem., Inc.,* 24 S.W.3d at 920.

### IV. Conclusion

In sum, we hold that relators' request for mandamus relief is proper as to Easley's deposition and production of Easley's personnel file, but we deny relief as to Kiberu's deposition and production of Kiberu's personnel file because Rule 202 presuit depositions are available to investigate *potential* health care liability claims. We lift our stay order of September 18, 2007, and conditionally grant the writ of mandamus. The trial court is ordered to vacate that portion of its order requiring the taking of the deposition of Troy Lee Easley and the production of Easley's personnel file. All other relief sought by relators' petition for writ of mandamus is denied. We are confident that the trial court will comply with this opinion within the next thirty days; the writ will issue only if it does not.