COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
2-07-312-CV

 

IN RE SIMON KIBERU AND                                                         RELATORS

HARRIS METHODIST H-E-B HOSPITAL

                                                                                                           

------------

 

ORIGINAL PROCEEDING

 

------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

 

I. 
Introduction








We withdraw our opinion and judgment of November
1, 2007, and substitute the following. 
Relators Simon Kiberu and Harris Methodist H-E-B Hospital seek mandamus
relief from the trial court=s order
allowing real parties in interest J.B. and B.O. (together, ARPIs@) to
take presuit depositions of Kiberu and Troy Lee Easley, a former Harris
Methodist employee, and to obtain copies of Kiberu=s and
Easley=s
personnel files.  We originally granted
the petition for writ of mandamus in part, but we denied relief as to Kiberu=s
deposition and production of Kiberu=s
personnel file because we held that rule 202 presuit depositions were available
to investigate potential health care liability claims.  In re Kiberu, 237 S.W.3d 445, 449B50 (Tex.
App.CFort
Worth 2007, orig. proceeding), mand. granted, No. 07-0959, 2008 WL
4000808, at *1 (Tex. Aug. 29, 2008).  The
Texas Supreme Court has since held that potential health care liability
claims fall within the coverage of section 74.351(s) of the civil practice and
remedies code.  In re Jorden, 249
S.W.3d 416, 422 (Tex. 2008).  The supreme
court remanded this case to us in light of Jorden.  Kiberu, 2008 WL 4000808, at *1.  We withdraw our previous opinion and
conditionally grant Relators= petition
for mandamus relief in its entirety.

II. 
Background








In March 2007, CT technician Easley allegedly
sexually assaulted real party in interest J.B. at Harris Methodist during the
administration of a rectal CT scan. 
Three months later, RPIs filed a rule 202 petition to investigate a
potential claim, requesting an order authorizing them to depose Kiberu, a
Harris Methodist orderly who might have knowledge of the alleged assault, and
to depose a corporate representative of Harris Methodist.  See Tex. R. Civ. P. 202.1(b).  The
petition attached as exhibits the notices of intent to depose Kiberu and the
Harris Methodist corporate representative and, attached to the deposition
notices, requests for production of Kiberu=s and
Easley=s Harris
Methodist personnel files.  After a
hearing on the petition, the trial court denied RPIs= request
as to Harris Methodist=s corporate representative but
granted it as to Kiberu.  It additionally
ordered that Easley=s deposition be taken and that
Kiberu and Easley produce their Harris Methodist personnel files.  Relators filed this petition seeking mandamus
relief.

III. 
Discussion

A. Standard of Review

Mandamus relief is proper only to correct a clear
abuse of discretion when there is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135B36 (Tex. 2004) (orig.
proceeding).  There is no adequate remedy
by appeal when an appellate court cannot remedy a trial court=s
discovery error.  In re Dana Corp.,
138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).  An error in compelling a deposition cannot be
cured on appeal because the depositions cannot be Auntaken@;
therefore, if the depositions were improperly ordered, mandamus relief is
proper.  Jorden, 249 S.W.3d at 419B20.

B. Depositions








Relators argue that the trial court abused its
discretion by granting RPIs= request
for presuit depositions.  They complain
that the trial court abused its discretion by ordering the depositions because
RPIs= rule
202 petition involves a health care liability claim under chapter 74 of the
civil practice and remedies code and RPIs have not first complied with the
preliminary expert report requirement under that chapter.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 74.001(a)(13) (Vernon
2005) (defining Ahealth care liability claim@), ' 74.351(a)
(Vernon Supp. 2008) (requiring service of expert report on each party not later
than the 120th day after the date the original petition was filed).  They also argue that the trial court abused
its discretion by issuing a unilateral order allowing RPIs to depose Easley.[2]  








Generally, a plaintiff asserting a health care
liability claim may not take oral depositions until the plaintiff has served
its expert report on the other parties.  See
id. ' 74.351(s).[3]  Relators argue that the rule 202 depositions
of Kiberu and Easley, employees of Harris Methodist at the time of the alleged
assault, are precluded because AChapter
74 trumps a Rule 202 Petition@ and
that they are therefore not to be deposed before the production of an expert
report.  See id. '
74.001(a)(12)(B)(ii) (defining Ahealth
care provider@ to include an employee of a
health care institution).

1. Health Care Liability Claim

Before determining whether the trial court abused
its discretion by determining that rule 202 applies to health care liability
claims, we must first consider the threshold issue of whether RPIs=
allegation of sexual assault at Harris Methodist constitutes a Ahealth
care liability claim@ under the civil practice and
remedies code.  








A health care liability claim is a cause of action
against a health care provider or physician for treatment, lack of treatment,
or other claimed departure from accepted standards of medical care, or health
care, or safety or professional or administrative services directly related to
health care.  Id. ' 74.001(a)(13).  Relators cite several cases holding that a
lawsuit against a hospital based on the sexual assault of a patient is a health
care liability claim because the supervision and monitoring of patients and staff
is part of the patient=s health care and because
patient safety is at issue.  See
Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 845 (Tex. 2005)
(holding that another patient=s
physical assault of plaintiff, a patient in a nursing home, was a health care
liability claim); NCED Mental Health, Inc. v. Kidd, 214 S.W.3d 28, 31
(Tex. App.CEl Paso 2006, no pet.) (holding
that claims arising from mental health technician=s sexual
assault of mental health center patient were health care liability claims); see
also Oak Park, Inc. v. Harrison, 206 S.W.3d 133, 135, 141 (Tex. App.CEastland
2006, no pet.) (holding that nurses= and
counselor=s physical assault of patient
constituted a health care liability claim).

RPIs, in their response, argue that their claim
is not a health care liability claim because sexual assault can never be
considered as, and has nothing to do with, health care.  But, as Diversicare and the other
cases cited above show, the actions of the hospital and its employees in hiring,
supervising, and training Easley and Kiberu, as well as its policies relating
to transport of patients and administration of rectal CT scans, should fall
under the umbrella of Ahealth care liability claim@ if RPIs
file suit against a health care provider, which is uncertain at this point.[4]

2. Rule 202 versus Chapter 74=s
Preliminary Expert Report








Health care liability claims are subject to the
statutory requirement of a preliminary expert report and curriculum vitae.  See Tex. Civ. Prac. & Rem. Code
Ann. ' 74.351(a).  And until a health care liability claim is
filed, a claimant may not take the deposition of another party.  See id. '  74.351(s)(3)
(staying discovery until the expert report is filed except as to discovery
involving nonparties that is related to the patient=s health
care), ' 74.351(u)
(allowing no more than two depositions after the claim is filed but before the
expert report is served).








According to our supreme court, health care
liability claims not only encompass filed suits, but also cover Acause[s]
of action.@ 
Jorden, 249 S.W.3d at 421.  Texas recognizes that a Acause of
action@ relates
to facts, whether or not suit is ever filed. 
Id.  Furthermore, section
74.001(a)(13) uses the term Acause of
action@ in the
general sense, relating to facts rather than the limited sense of filed suits.[5]  Id. at 422.  We therefore conclude that the trial court
abused its discretion by ordering that Kiberu and Easley=s
presuit depositions be taken because RPIs=
potential health care liability claim falls within the coverage of section
74.351(s).  See Jorden, 249 S.W.3d
at 422, 424.  Furthermore, Relators would
have no adequate remedy by appeal because their only opportunity to appeal the
trial court=s order would occur after the
deposition had transpired.  Id. at
419B20.  Thus, we hold that Relators are entitled to
mandamus relief as to the trial court=s order
allowing RPIs to take Easley=s and
Kiberu=s
presuit depositions.

3. Personnel files

Having vacated the trial court=s order
with regard to the presuit depositions, we also vacate the trial court=s order
requiring Easley and Kiberu to produce their personnel files.  Since we held that the trial court cannot
order presuit depositions of Easley and Kiberu because section 74.351 governs
RPIs=
potential claim, it also cannot order them to produce their personnel files
pursuant to those depositions.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(s)
(stating that, until a claimant is served the expert report and curriculum
vitae required by subsection (a), all discovery in a health care liability
claim is stayed except for acquisition of information Arelated
to the patient=s health care@); see
also id. ' 74.001(a)(10) (A>Health
care= means
any act or treatment performed or furnished . . . by any health care provider
for, to, or on behalf of a patient during the patient=s
medical care, treatment, or confinement.@).  Accordingly, we hold that the trial court
also abused its discretion by ordering that Easley and Kiberu produce their
personnel files and that Relators have no adequate remedy by appeal.  See Dana Corp., 138 S.W.3d at 301. 








IV. 
Conclusion

Having concluded that mandamus relief is proper,
we conditionally grant the writ of mandamus. 
The trial court is ordered to vacate its order requiring the taking of
the depositions of Troy Lee Easley and Simon Kiberu and the production of their
personnel files.  We are confident that
the trial court will comply with this opinion within the next thirty days; the
writ will issue only if it does not.

 

 

BOB
MCCOY

JUSTICE

 

PANEL:  HOLMAN, GARDNER, and MCCOY, JJ.

 

DELIVERED:  October 16, 2008











[1]See Tex. R. App. P. 47.4.





[2]RPIs= rule 202 petition did
not request to take Easley=s deposition, RPIs did not serve Easley with the
petition, and Easley did not appear at the hearing.  Even if section 74.351 did not govern RPIs= claims, we would still
grant the mandamus petition as to Easley=s deposition because rule 202.3 requires service
of the petition and a notice of hearing on all persons petitioner seeks to
depose at least fifteen days before the hearing.  See Tex. R. Civ. P. 202.3(a).





[3]Section 74.351(s)
provides that Aall discovery@ is stayed until the
expert report is filed except for (1) written discovery, (2) depositions on
written questions, and (3) discovery from nonparties under rule 205 of the
rules of civil procedure, where related to the patient=s health care.  Id.





[4]RPIs point out in their
response that they have not determined what allegations they would make in a
lawsuit, that they have not yet sued Harris Methodist, and that they are not
even sure that they will sue Harris Methodist.





[5]For example, the statute
requires the claimant in a health care liability claim to provide written
notice of a claim at least sixty days before filing suit.  Tex. Civ. Prac. & Rem. Code Ann. ' 74.051(a) (Vernon
2005).