ACCEPTED
04-15-00060-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/20/2015 1:45:02 PM
KEITH HOTTLE
CLERK

**CAUSE NO. 04-15-00060-CV**

**IN THE COURT OF APPEALS FOR THE FOURTH COURT OF APPEALS DISTRICT SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
2/20/2015 1:45:02 PM
KEITH E. HOTTLE
Clerk

*In re Carol Kendall and Belinda Sanchez, Relators*

Original Proceeding from the 224th Judicial District Court of Bexar County, Texas

**The Honorable Laura Salinas, of the 166th Judicial District Court of Bexar County, Texas, Presiding**

**REAL PARTY IN INTEREST CYNTHIA MASON'S RESPONSE TO RELATORS' PETITION FOR WRIT OF MANDAMUS**

Jeff Davis
State Bar No. 05508350
Alan Braun
State Bar No. 24054488
DAVIS LAW FIRM
10500 Heritage Blvd Ste 102
San Antonio, Texas 78216
Phone: (210) 444-4444
Fax:    (210) 785-0806
ATTORNEYS FOR REAL PARTY IN INTEREST CYNTHIA MASON

# TABLE OF CONTENTS

INDEX OF CASES_____ ii

STATEMENT OF FACTS _____ 1

ARGUMENT _____ 4

ISSUE 1: THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY ORDERING RELATORS' DEPOSITIONS BECAUSE SUFFICIENT EVIDENCE WAS BEFORE THE COURT TO ESTABLISH THAT THE BENEFIT OF TAKING THE DEPOSITIONS OUTWEIGHED THE BURDEN _____ 7

ISSUE 2: THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ORDERING RELATOR TO PRODUCE DOCUMENTS BECAUSE RULE 202 ALLOWS FOR THE COURT TO ORDER THE PRODUCTION OF DOCUMENTS _ 9

CONCLUSION_____ 11

PRAYER_____ 12

STATEMENT OF COMPLIANCE _____ 12

CERTIFICATE OF SERVICE _____ 13

APPENDIX_____ TABS

# INDEX OF AUTHORITIES

## CASES

*Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) _____ 4

*Beausoleil v. Reaud, Morgan, & Quinn L.L.P.* 2011 Tex. App. LEXIS 993 (Tex.App.— Beaumont 2011) _____ 11

*Cantu v. Longoria,* 878 S.W.2d 131 (Tex. 1994) _____ 4

*City of Dallas v. Dallas Black Fire Fighters Ass'n* 353 S.W.3d 547, 557 (Tex. App. —Dallas 2011, no pet.) _____ 7

*Davidson v. Southern Farm Bureau Cas. Ins. Co.* 2006 U.S. Dist. LEXIS 40654 (SDTX 2006) _____ 9

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985) _____ 4

*In re Anand* 2013 Tex. App. LEXIS 4157 (Tex. App.-Houston [1st] 2013, Orig. Proceeding) _____ 5, 10, 11

*In re Akzo Nobel Chemical, Inc.,* 24 S.W.3d 919 (Tex. App.-Beaumont 2000, Orig. proceeding) _____ 9, 10

*In Re Jorden,* 249 S.W.3d, 416 (Tex. 2008) (Orig. Proceeding)_____ 6,8

*In Re Kiberu* 237 S.W.3d 445, 448 (Tex. App. Ft. Worth 2007, Orig. Proceeding) 8, 9, 10

*Walker v. Packer,* 827 S.W.2d 833, 839-840 (Tex. 1992)_____ 4

**STATEMENT OF FACTS**

**TO THE HONORABLE COURT OF APPEALS:**

Cynthia Mason is a former employee of Career Point College. She was rehired by Career Point as the Director of Daycare in April of 2013. *See Exhibit 1 EEOC Charge of Discrimination*.

On April 9, 2014, Ms. Mason received treatment from her doctor related to a medical condition, and Ms. Mason was told by her doctor that she would need to take 1-2 weeks off work for medical treatment. *Exhibit 1*.

On April 10, 2014, Ms. Mason then informed Relators Carol Kendall, Career Point College's Finance Director, and Belinda Sanchez, who was in Career Point College's HR department, about her medical condition. *Exhibit 1*.

The next day, April 11, 2014, Ms. Mason was terminated from her employment with Career Point. *Exhibit 1*.

Ms. Mason filed her Original Petition for Order Authorizing Depositions under Rule 202 on December 15, 2014. *Exhibit A to Relators' Petition - Record at pp. 4-5*. The Petition states that Ms. Mason seeks to take the depositions of Relators Ms. Kendall and Ms. Sanchez under Texas Rule of Civil Procedure 202 in order to investigate whether or not she had a potential claim against her former employer Career Point College. *Id*.

1

On January 9, 2015, a hearing was held on Ms. Mason's Petition before the Honorable Laura Salinas in the 166th Judicial District Court, Bexar County, Texas. *See Exhibit B to Relators' Petition – Hearing Transcript at 4-5.*

Also on January 9, 2015, Relators filed their Answer to Ms. Mason's Petition. *Exhibit A to Relators' Petition - Record at 11.* In this Answer, Relators assert a general denial and state that "Petitioner is not entitled to the documents she seeks by way of her petition. *Id.*

At the hearing Judge Salinas heard argument from counsel and reviewed Ms. Mason's Equal Employment Opportunity Commission (EEOC) Charge of Discrimination which was entered into evidence as an exhibit at the hearing. *See Exhibit B to Relators' Petition – Hearing Transcript at p. 9*; *Exhibit 1.*

Relators argued against the 202 petition on several grounds. Relators asserted that "as a general practice, although not mandated, the employer will get a chance to depose the plaintiff first to find out what they know." *See Exhibit B to Relators' Petition – Hearing Transcript at p. 8*

Relators further argued that the personnel file which was requested in the Rule 202 petition should not have to be produced because Ms. Mason had not sought to use rule 202 to take the deposition of a corporate representative of Career Point College. *See Exhibit B to Relators' Petition – Hearing Transcript at p. 10.* Counsel went on to state that "What I'm saying is, it's our position that if you are

going to want corporate documents, you need to have notice to the corporation themselves."

The Court then told Counsel for Ms. Mason to file an Amended Petition asking for the deposition of the corporate representative of Career Point in order to support the request for documents. *See Exhibit B to Relators' Petition – Hearing Transcript at pp. 17-18.*

Later on January 9, 2015, counsel for the parties conferred and agreed that rather than amending the pleadings to include a third deposition of a corporate representative, the parties agreed that if the depositions were ordered that Relator Carol Kendall would produce the personnel file and informed Judge Salinas of same. *Exhibit 2 January 9, 2015, correspondence to the Honorable Judge Salinas.*

On January 12, 2015, Judge Salinas issued an order granting Ms. Mason's Petition under Rule 202. *Exhibit 3 January 12, 2015 Order and Judge's Notes*. The order set the time and date for the depositions on January 12. *Id*. However, the parties did not receive the order until after that time listed in the order.

The parties conferred and reached an agreement that the depositions of Relators would take place in early February. *Exhibit 4 January 14, 2015 Correspondence*.

On January 26, 2015, the parties submitted an agreed order setting the depositions of Relators to take place at the office of Relators' counsel on February 10, 2015. *Exhibit 5 Agreed Order*.

On February 5, 2015, Relators filed their Petition for Writ of Mandamus.

## ARGUMENT

### Standard of Review

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994) (Orig. Proceeding). *Walker v. Packer*, 827 S.W.2d 833, 839-840 (Tex. 1992) (Orig. Proceeding).

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) (Orig. Proceeding). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when it acts in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### Rule 202 of the Texas Rules of Civil Procedure

Rule 202 of the Texas Rules of Civil Procedure permits pre-suit depositions either for (1) use in an anticipated suit or (2) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1.

The rule requires that the petitioner file a verified petition, state the subject matter of the action, state who they want to depose and request authorization from the Court to take the deposition. TEX. R. CIV. P. 202.2.

The Petitioner must then effect personal service on each witness and inform them of the scheduled hearing on the Motion. TEX. R. CIV. P. 202.3.

In order to take the deposition the trial court must issue an order holding either that (1) allowing the petitioner to take the requested depositions may prevent a failure or delay justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweigh the burden or expense of the procedure. TEX. R. CIV. P. 202.4.

Finally, the rule states that "except as otherwise provided in this rule, depositions authorized by this rule are governed by the rules applicable to depositions of nonparties in a pending suit. The scope of discovery in depositions authorized by this rule is the same as if the anticipated suit or potential claim had been filed." TEX. R. CIV. P. 202.5.

The production of documents is permitted by rule 202. *In re Anand 2013 Tex. App. LEXIS 4157 (Tex. App.-Houston [1st] 2013 Orig Proceeding)*. Rule 205

which governs discovery of nonparties allows for a party to compel discovery by serving a subpoena requesting documents and tangible things. *Id. and* TEX. R. CIV. P. 205. Therefore, because Tex. R. Civ. P. 202.5 states that a deposition under 202 is treated as a deposition of a non-party, documents may be requested as allowed by Rule 205.

Relators make several references to the Texas Supreme Court's holding in *In Re Jorden*, 249 S.W.3d, 416 (Tex. 2008) (original proceeding). In that case the Texas Supreme Court wrote that:

> "Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery form someone before telling them what the issues are. Accordingly, presuit depositions are available under Rule 202 only if a trial court makes one of two findings:
>
> > 'allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or
> >
> > the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure.'" *In Re Jorden at 423.*

The Texas Supreme Court's *In Re Jorden* holding is that the concerns about routine use, due process, and demanding discovery from a deponent before informing them about the issues are alleviated when the trial court makes one of the two required holdings under TEX. R. CIV. P. 202.4. This holding does not impose a higher standard on a party seeking to take a Rule 202 deposition rather it

holds that the requirements of Rule 202 are what assure those interests are protected.

The only time when there are heightened requirements to obtain a deposition under rule 202 when trade secrets are sought. *City of Dallas v. Dallas Black Fire Fighters Ass'n* 353 S.W.3d 547, 557 (Tex. App.—Dallas 2011, no pet.);

**ISSUE 1: THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY ORDERING RELATORS' DEPOSITIONS BECAUSE SUFFICIENT EVIDENCE WAS BEFORE THE COURT TO ESTABLISH THAT THE BENEFIT OF TAKING THE DEPOSITIONS OUTWEIGHED THE BURDEN**

In addition to being presented with the arguments of counsel, Judge Salinas was presented with Ms. Mason's EEOC charge of discrimination, which Ms. Mason signed under oath. *Exhibit 2 and to Relators' Petition – Hearing Transcript at p. 9.*

Additionally, Judge Salinas discussed the contents of the Charge with Counsel:

> "THE COURT:  So the EEOC informed her—well, told her she could proceed with the lawsuit?
>
> MR. SMITH:  Right.  Actually, their finding was – year.  They did say that.  They gave her notice of right to sue.  As I recall their finding – and tell me if I'm wrong, I don't want to misstate – that they could not find sufficient evidence to support her claims, but gave her a Right To Sue Letter, allowing her to proceed with a lawsuit.
>
> THE COURT: And the two people that they are seeking to depose are the two that were particularly involved with regards to her claim, correct?

MR. SMITH: Ms. – I don't remember that specifically. They've identified, I think they – at least in the charge, that Ms. Kendall was the chief finance officer, and I think Ms. Sanchez is in HR and is identified as in HR.

THE COURT: Okay. I just see that the names in the EEOC charge form, the two – those two names are also listed in the petition. That's why I was asking." *Exhibit B at pp. 11-12.*

The Charge indicates that in a three day period of time that Ms. Mason became ill, informed Relators of her illness, and was terminated for reasons which had not been previously been discussed with her. *Exhibit 2.* Furthermore the Charge of Discrimination is signed under penalty of perjury. *Id.*

The Court had a sworn statement from Ms. Mason stating that she believed that the Relators were involved in her termination from her former employer.

This provided the Court with sufficient information to make a determination that the two Relators have information that would allow Ms. Mason to investigate a potential claim. This gives the court the basis to determine whether the benefit of the deposition outweighs the burden.

Relators go on to argue that requiring their depositions would force them to answer Ms. Mason's discovery without being able to submit their own discovery and without the protections afforded a party in a lawsuit. *Relators' Petition at p. 9.* These concerns were addressed by the Texas Supreme Court's holding in ***In re***

8

*Jorden.*  These concerns are why a hearing before the trial court and a finding as required by TEX. R. CIV. P. 204 must be made.  That was done in this case.

Relators go on to cite to numerous cases which they allege support the idea that the depositions should not move forward under Rule 202 because the Plaintiff must give a deposition first.  This argument fails for two main reasons.   First, carried to its logical end, this argument would render rule 202 meaningless.  As the court wrote in *In re Kiberu*:

> "With potential causes of action, the essential facts are not yet known, so presuit depositions are used to gather those essential facts so that the petitioner may investigate whether she does indeed have a claim— or whether she does not."  *In Re Kiberu* *237 S.W.3d 445, 448 (Tex. App. Ft. Worth 2007 Orig Proceeding)*

Rule 202 would not accomplish its goal of allowing potential claimants to investigate their claims under Relators' logic because they would be unable to determine whether or not they had a claim.  *In Re Kiberu* at 448.

Second, Courts have repeatedly held that a rule 202 proceeding is not a lawsuit. *See Davidson v. Southern Farm Bureau Cas. Ins. Co*. 2006 U.S. Dist. LEXIS 40654 (SDTX 2006).  Any common practice in a filed lawsuit therefore does not affect a rule 202 deposition.

Based on the above, this Court should reject Relators arguments that the Trial Court abused its discretion in ordering the depositions of Relators under Rule 202.

**ISSUE 2: THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ORDERING RELATOR TO PRODUCE DOCUMENTS BECAUSE RULE 202 ALLOWS FOR THE COURT TO ORDER THE PRODUCTION OF DOCUMENTS**

Relators place heavy reliance on the holding in *In re Akzo Nobel Chemical, Inc.*, *24 S.W.3d 919 (Tex. App.-Beaumont 2000, orig. proceeding)* for their argument that the Trial Court abused its discretion in ordering the production of documents at a Rule 202 deposition.

This is an incorrect reading of the holding in *Akzo Nobel*. In that case, the trial court ordered the relator to produce witnesses to be deposed and to make an accident scene available for inspection, photographing, and videotaping. *Akzo Nobel* at 920. The holding of the Beaumont Court of appeals was that it was not proper for the Court to order the **inspection of the accident scene** because that was not a deposition and was therefore not discovery allowable by the rules. *Id*.

The *In Re Akzo Nobel* court correctly held that Rule 202 does not allow a trial court to order a pre-suit inspection of an accident scene, but nothing in the *Akzo Nobel* decision states that a court cannot order the production of documents at a deposition under Rule 202.

Relators have chosen to ignore numerous cases which hold that deponents may be ordered to produce documents under Rule 202. *In re Anand* *at \*6* ("Nothing in the language of Rule 202 prohibits the petitioner from requesting that documents be produced along with the deposition."); *In re Kiberu* *at \*448*

10

(Holding that individual being deposed under 202 could be required to produce documents in his control).

As the *In re Anand* Court wrote:

"There is nothing in the language of Rule 202 that prohibits the petitioner from requesting that documents be produced along with the deposition. Furthermore, Rule 202.5 expressly provides that 'depositions authorized by this rule are governed by the rules applicable to depositions of nonparties in a pending suit.' Tex. R. Civ. P. 202.5. The rule further provides that '[t]he scope of discovery in depositions authorized by this rule is the same as if the anticipated suit or potential claim had been filed.' Rule 205, which governs discovery of nonparties, permits a party to compel discovery from a nonparty by serving a subpoena compelling 'a request for production of documents or tangible things…served with a notice of deposition on oral examination or written questions.' TEX. R. CIV. P. 205.1(c). Therefore, the language of these rules when read together permits a petition seeking a pre-suit deposition under Rule 202 to also request the production of documents." ***In Re Anand*** *at \*6.*

Depositions authorized by Rule 202 'are governed by the rules applicable to depositions of nonparties in a pending suit. ***Beausoleil v. Reaud, Morgan, & Quinn L.L.P.*** *2011 Tex. App. LEXIS 993 (Tex.App.—Beaumont 2011).*

The interaction between Rule 202 and Rule 205 governing depositions of nonparties allow for documents to be requested.

There is no authority supporting Relators' position that they cannot be ordered to produce documents under Rule 202.

## CONCLUSION

11

There was sufficient evidence presented at the hearing on Cynthia Mason's Rule 202 Petition to allow the Trial Court to make a finding that the benefit of taking the depositions of Relators outweighed the burden under Rule 202.

Relators have failed to present any law supporting their claim that it was inappropriate for the Trial Court to order the production of documents at these depositions.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Real Party in Interest, Cynthia Mason respectfully requests that this court DENY Relators' Petition for Writ of Mandamus and issue an order allowing the Depositions of Relators to continue under TEX. R. CIV. P. 202 as ordered by the Trial Court.

Respectfully submitted,

DAVIS LAW FIRM
10500 Heritage Blvd, Ste 102
San Antonio, Texas 78216
(210) 444-4444 Telephone
(210) 785-0806 Facsimile

By: _/s/ Alan Braun_____ _
    JEFFREY R. DAVIS
    State Bar No. 05508350
    ALAN BRAUN
    State Bar No. 24054488
    ATTORNEYS FOR REAL PARTY
    IN INTEREST CYNTHIA MASON
    Jeffd@jeffdavislawfirm.com
    Alanb@jeffdavislawfirm.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that, excluding those parts allowed to be excluded, the above and foregoing Response of Real Party in interest contains  2717 words.

_/s/ Alan Braun_____ _
Jeffrey R. Davis
Alan Braun

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2015, I electronically filed the foregoing with the Clerk of Court and a true and correct copy of the foregoing document has been forwarded as follows:

*Electronic Mail*
Lawrence D. Smith
State Bar No. 18638800
Soña Ramirez
State Bar No. 24040330
Mark A. McNitzky
State Bar No. 24065730
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2700 Weston Centre
1200 E. Pecan Street
San Antonio, Texas 78205
210-354-1300
210-277-2702
Larry.smith@ogletreedeakins.com
Sona.ramirez@ogletreedeakins.com

Mark.mcnitzky@ogletreedeakins.com

**RELATORS**

The Honorable Judge Laura Salinas
166th Judicial District Court
Bexar County Courthouse
100 Dolorosa, 2nd Floor
San Antonio, Texas 78205
*Via Mail*
*And via Fascimile at 210-335-0594*

**RESPONDENT**

_/s/ Alan Braun_____ _
Jeffrey R. Davis
Alan Braun

# EXHIBIT 1

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 451-2014-02004 |

Texas Workforce Commission Civil Rights Division   and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mrs. Cynthia A. Mason | (210) 566-1294 | 11-20-1956 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8718 Park Olympia, Universal City, TX 78148 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| CAREER POINT COLLEGE | 101 - 200 | (210) 723-3000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4522 Fredericksburg Rd. Suite A-18, San Antonio, TX 78201 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 04-11-2014 | 04-11-2014 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

From 2006 to 2010, I worked full time in the Marketing Department. In November 2010, I was one of many laid off due to financial reasons.

On April 1, 2013, I was rehired by Carol Kendall, Finance Director, but as the Director of Daycare. On April 9, 2014, I went to my doctor due to my medical condition. My condition had worsened and I was kept in the clinic for the day and told by my doctor that I needed to take 1-2 weeks off from work in order to control my condition. On April 10, 2014, I notified Carol Kendall and Belinda Sanchez, HR, about my need for leave due to my medical condition. Belinda Sanchez told me that I needed to start my FMLA paperwork. On April 11, 2014, when I went to pick up my paperwork, I was discharged for alleged reasons that had never been discussed previously.

I believe I have been discriminated against in violation of the Americans with Disabilities Act of 1990 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| May 29, 2014     *Date*     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# EXHIBIT 2



January 9, 2015

The Honorable Judge Laura Salinas
166th District Court
Bexar County Courthouse
100 Dolorosa
San Antonio, TX 78205

Honorable Judge Salinas:

Following the hearing this morning on Movant Cynthia Mason's Petition for Deposition before suit counsel for Ms. Mason conferred with Counsel for Ms. Sanchez and Ms. Kendall. The parties were able to reach an agreement that if the Court grants Ms. Mason's Petition under Rule 202 that the documents requested in the Petition will be produced by Ms. Sanchez and Ms. Kendall rather than requiring Ms. Mason to amend her petition to include a request for the deposition of a corporate representative of Career Point.

It is therefore not necessary for the Court to wait 15 days to issue a ruling on Ms. Mason's Petition.

Respectfully

Jeff Davis
Alan Braun
Attorneys for Petitioner Cynthia Mason

by permission

Larry Smith
Attorney for Respondents Belinda Sanchez
and Carol Kendall and Career Point College

# EXHIBIT 3

# JUDGE'S NOTES  15M

CAUSE NO.: 2014CI19450        COURT: 224        DATE/TIME: 01/09/2015 09:00AM
                             SETTING COURT: 109

STYLE: IN RE BELINDA SANCHEZ ETAL

DISCOVERY LEVEL: 4
ATTORNEY(S) FOR CASE:
ALAN BRAUN (π)
Jeff Davis (π)
Lawrence Smith (A)

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
15 JAN 12 PM 4: 01
BY
DEPUTY

THIS CASE HAS 15 OR MORE ATTORNEYS

TYPE OF MOTION OR APPLICATION:
  NON-JURY SETTING ON PETITION TO TAKE DEPOS

                                                    AB

CONFERRING_____ ESTIMATE HEARING TIME_____
AGREED ORDER_____ ASSIGNED COURT  160
DROP_____ RECORD TAKEN  yes       REPORTED BY:
INTERPRETER_____ RESET DATE_____ TIME_____   GLYN POAGE

DATE OF NOTES  1/9/15                        JUDGE INITIALS  VS

Petition granted 1/12/15

---

PROPERTY OF BEXAR COUNTY DISTRICT CLERK'S OFFICE        (DK510A)

No. **2014 CI 19450**

| IN RE CYNTHIA MASON, | § | IN THE DISTRICT COURT |
| Petitioner. | § | |
| | § | |
| | § | OF BEXAR COUNTY, TEXAS |
| | § | |
| | § | |
| | § | **224th** ~~224~~ JUDICIAL DISTRICT |
| | § | |

### ORDER ON PETITIONER CYNTHIA MASON'S
### VERIFIED PETITION TO TAKE DEPOSITION BEFORE SUIT

After considering Cynthia Mason's petition asking the Court for permission to take the deposition by oral examination of Carol Kendall and for the production of documents to investigate a potential claim, the response, and arguments of counsel, the Court:

GRANTS the request and finds that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. It is therefore ordered that petitioner may take the deposition by oral examination of Carol Kendall. *or Belinda Sanchez ar*

Carol Kendall **is** ordered to produce the following documents at the deposition: Cynthia Mason's Personnel File.

### CONDITIONS FOR THE DEPOSITION

1. The deposition will be taken at 10500 Heritage Blvd San Antonio TX 78216, on January 12, 2015, at 1 p.m.

SIGNED on **1/12**, 20**15**.

_____
PRESIDING JUDGE

# EXHIBIT 4

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

*Attorneys at Law*

2700 Weston Centre
112 East Pecan Street
San Antonio, TX 78205
Telephone: 210.354.1300
Facsimile: 210.277.2702
www.ogletreedeakins.com

LAWRENCE D. SMITH
Board Certified
Labor and Employment Law
Texas Board of Legal Specialization
(210) 277-3620
larry.smith@ogletreedeakins.com

January 14, 2015

**VIA E-MAIL:**  jdavis@jeffdavislawfirm.com
Mr. Jeff Davis

**VIA E-MAIL:**  alanb@jeffdavislawfirm.com
Mr. Alan Braun

Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216

> Re:  Cause No. 2014-CI-19450; *In Re Cynthia Mason*; In the 224[th] District Court, Bexar County, Texas.

Dear Jeff and Alan:

I am writing regarding matters related to Ms. Mason, the scheduling of depositions pursuant to the Court's Order on Ms. Mason's Petition to Take Pre-Suit Depositions and her Charge of Discrimination filed against Career Point College. More particularly, in working on scheduling arrangements for the Court-ordered depositions, you have expressed a concern related to the scheduling of dates for the depositions and the possible expiration of Ms. Mason's deadline to file a lawsuit in Federal Court based upon her Charge of Discrimination after receiving her right to sue letter from the EEOC. It is further my understanding that the ninety (90) days to file suit in Federal Court based upon her Charge of Discrimination expires at approximately the end of this month. This letter is to confirm that Career Point College hereby agrees to toll the time period for her to file a claim in Federal Court based upon her Charge of Discrimination for a period of ninety (90) days. Therefore, if her ninety (90) days to file suit in Federal Court based upon her Charge of Discrimination would expire on February 1, 2015, the time for her to file a lawsuit in Federal Court based upon her Charge of Discrimination would be extended by ninety (90) days.

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver
Detroit Metro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico)
Miami ▪ Milwaukee ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans ▪ New York City ▪ Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh
Portland ▪ Raleigh ▪ Richmond ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Stamford ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington

Mr. Jeff Davis
Mr. Alan Braun
January 14, 2015
Page 2


I am providing this tolling agreement to you based upon our discussion wherein you indicated that you or Alan would be providing amended orders for filing with the Court setting the depositions for agreeable times sometime in early February.

Please let me know if you have any questions.

Sincerely,

Larry Smith

LDS:af-030908-000006
Enclosure

# EXHIBIT 5

No. 2014CI19450

IN RE CYNTHIA MASON,                  §        IN THE DISTRICT COURT
Petitioner.                           §
                                      §
                                      §
                                      §        OF BEXAR COUNTY, TEXAS
                                      §
                                      §
                                      §        224th  JUDICIAL DISTRICT

### AMENDED ORDER ON PETITIONER CYNTHIA MASON'S
### VERIFIED PETITION TO TAKE DEPOSITION BEFORE SUIT

After considering Cynthia Mason's petition asking the Court for permission to take the deposition by oral examination of Carol Kendall and Belinda Sanchez and for the production of documents to investigate a potential claim, the response, and arguments of counsel, the Court:

GRANTS the request and finds that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. It is therefore ordered that petitioner may take the deposition by oral examination of Carol Kendall and Belinda Sanchez.

Carol Kendall is ordered to produce the following documents at her deposition: Cynthia Mason's Personnel File.

#### CONDITIONS FOR THE DEPOSITION

1. The deposition of Carol Kendall will be taken at 2700 Weston Centre, 112 East Pecan Street, San Antonio, TX 78205, on February 10, 2015, at 9:00 a.m.

2. The deposition of Belinda Sanchez will be taken at 2700 Weston Centre, 112 East Pecan Street, San Antonio, TX 78205, on February 10, 2015, at 1:30 p.m.

SIGNED on Jan. 26 , 2015.



PRESIDING JUDGE

_(signature)_

Approved as to form only
Lawrence D. Smith
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX 78205
Attorney for Carol Kendall and Belinda Sanchez

_(signature)_

Form agreed to by
Jeff Davis
Alan Braun
Jeff Davis Law Firm
10500 Heritage Blvd Ste 102
San Antonio, TX 78216
Attorneys for Cynthia Mason

20096827.1