In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00249-CV

**IN RE ASHLEY JEFFREY, DAVID MYERS, AND VALERIE CASANOVA**

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-207,889**

## MEMORANDUM OPINION

Ashley Jeffrey, David Myers, and Valerie Casanova, Relators, seek mandamus relief from a trial court order that grants a Rule 202 petition filed by Harbor Hospice of Fort Worth, L.P. and Harbor Healthcare System, L.P., Real Parties in Interest ("Harbor"). *See* Tex. R. Civ. P. 202.1(a). Relators argue the trial court abused its discretion by ordering their pre-suit depositions over their objection that Harbor failed to establish that Jefferson County is a county where venue of the anticipated suit may lie. After considering the petition, the response, the reply, and the applicable law, we conditionally grant mandamus relief.

1

Texas Rule of Civil Procedure 202.2 allows a party to petition for a pre-suit deposition in a proper court of any county where venue of the anticipated suit may lie. *See* Tex. R. Civ. P. 202.2(b). Because the deposition of an anticipated defendant will occur before there is an opportunity to appeal, mandamus relief is available if the Rule 202 petition is not filed in a proper court. *In re Akzo Nobel Chem., Inc.*, 24 S.W.3d 919, 920 (Tex. App.—Beaumont 2000, orig. proceeding).

Harbor argues venue for its anticipated suit against Relators is proper in Jefferson County because Harbor Healthcare System, L.P. conducts a substantial part of its business operations in Jefferson County and Harbor anticipates filing suit against Relators in Jefferson County. Even though Harbor has alleged that it anticipates filing suit in Jefferson County, it may petition for a pre-suit deposition only in a court of a county of proper venue for its anticipated suit. *See* Tex. R. Civ. P. 202.2(b). Generally, a suit must be brought in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred or in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a). Harbor's Rule 202 petition does not allege that any anticipated individual defendant resides in Jefferson County. The petition identifies an anticipated plaintiff with a connection to Jefferson County but does not identify an anticipated defendant that has a principal office in Jefferson County and is not a natural person. Harbor also did not allege that

2

all or a substantial part of the events giving rise to the anticipated suit occurred in Jefferson County, which might place venue for the anticipated suit in Jefferson County. *See id.*

Although Harbor alleges that the Harbor upper management, human resources, and payroll departments are located in Jefferson County, Texas, Harbor does not dispute that none of the three individual defendants reside in Jefferson County, nor did they work in Jefferson County. Harbor does not allege facts to invoke any venue provision that would attach venue in Jefferson County, nor does Harbor allege facts that would establish venue over the alleged defendants for the anticipated suit in Jefferson County.

Harbor argues Relators waived their objection about venue because they failed to specifically deny Harbor's venue allegations. Harbor cites the Rule of Civil Procedure that applies to motions to transfer venue. *See* Tex. R. Civ. P. 87.3. Harbor's argument is misplaced because even though Relators did not file a motion to transfer venue, Relators specifically controverted venue in Jefferson County with respect to the Rule 202 petition.

We conditionally grant mandamus relief because the trial court clearly abused its discretion by ordering the pre-suit depositions and Relators have no adequate remedy by appeal. *See Akzo Nobel Chem., Inc.*, 24 S.W.3d at 921. We are confident that the trial court will vacate its August 18, 2021 order granting the petition for pre-

suit depositions. A writ of mandamus shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on September 10, 2021
Opinion Delivered September 30, 2021

Before Golemon, C.J., Kreger and Johnson, JJ.

4