

## NUMBER 13-13-00431-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE REASSURE AMERICA LIFE INSURANCE COMPANY

## On Petition for Writ of Mandamus

## OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Opinion by Justice Rodriguez[1]

By petition for writ of mandamus, Reassure America Life Insurance Company ("Reassure") seeks to compel the trial court[2] to vacate its order granting presuit depositions under Texas Rule of Civil Procedure 202. *See* TEX. R. CIV. P. 202. We conditionally grant relief.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] The respondent in this original proceeding is the Honorable Albert Garcia, the Presiding Judge of County Court at Law No. 6 of Hidalgo County, Texas. *See* TEX. R. APP. P. 52.2.

## I. BACKGROUND

Real party in interest, Rene A. Garcia, filed a petition in his county of residence seeking to take presuit depositions. The petition, entitled "Petition Requesting Oral Depositions and Subpoena Duces Tecum (for documents) to Investigate Potential Claim or Suit," is filed against Reassure and states in relevant part:

> [Garcia] . . . asks the court for permission to take depositions by oral examination to obtain testimony to investigate a potential claim as allowed by Texas Rule of Civil Procedure 202.
>
> 1.  [Garcia] . . . is an individual who resides in Hidalgo County, Texas.
>
> 2.  The person(s) that are sought to be deposed are the person(s) with knowledge regarding the following:
>
>     a.  The entire file regarding the policy number MP0153991, and the policy number MP0153991;
>
>     b.  All aspects of the agreement between [Garcia] and [Reassure] including but not limited to any negotiations leading up to its execution, the obligations of [Reassure], and the insurance policy;
>
>     c.  All aspects of [Reassure's] policy, procedures, and manual;
>
>     d.  Knowledge about the agreement also referred to as delivery agent services agreement;
>
>     e.  Knowledge about the sale of policy number MP0153391; and
>
>     f.  Knowledge about the corporate structure of [Reassure].

Garcia further alleged that he sought to obtain the depositions "for use in an anticipated suit in which [he] may be a party," the "subject matter of the anticipated suit is with regard to the policy number MP0153991 belonging to [Garcia]," and [his] "interest in the anticipated suit is that he holds potential legal causes of action." Garcia alleged that the "substance of the information and testimony [he] expects to elicit from the

2

persons involves business records, and any and all information regarding the names of employees who were working at the time of the incident, and any information pertaining to the incident made the basis of this cause." Garcia stated that the requested depositions "may prevent a failure or delay of justice in an anticipated suit." Garcia further requested the court to order the persons with knowledge to produce documents as follows:

1). The entire file regarding the policy number MP0153991, and the policy number MP0153991;

2). The company procedure underwriting manual of [Reassure];

3). The life insurance policy belonging to [Garcia], referenced policy number MP0153991; and

4). Detailed explanation of the cash value and face value that applies to [Garcia's] policy.

Reassure filed an objection to the petition in which it asserted, inter alia, that the petition fails to comply with Texas Rule of Civil Procedure 202 because it fails to provide any factual background or the reasons for the requested depositions and documents; the significant burden and expense of the requested depositions outweigh any likely benefits; there is no injustice or possible delay that would require the requested depositions; the request for depositions is not reasonably tailored to include only relevant matters; and its current underwriting policy is a confidential and proprietary trade secret.

After a non-evidentiary hearing, the trial court granted the petition. The trial court's order provides in pertinent part as follows:

> [T]his Court . . . finds: 1) that allowing the requested discovery may prevent a failure or delay of justice in the anticipated suit, and/or; 2) that the likely benefit of allowing [Garcia] to take the requested depositions to

3

investigate a potential claim outweighs the burden or expense of the procedure.

IT IS THEREFORE ORDERED that [Garcia] may take the depositions by oral examinations of the person(s) with knowledge and that they produce documents 30 days prior to the taking of the first scheduled deposition.

IT IS ORDERED that the persons with knowledge regarding the following subjects be deposed:

a.   The entire file regarding the policy number MP0153991, and the policy number MP0153991;

b.   All aspects of the agreement between [Garcia] and [Reassure] and the predecessor entities that consummated or owned the policy in question, including but not limited to any negotiations leading up to its execution, and the obligations of [Reassure] and the predecessor entities that consummated or owned the policy in question;

c.   All aspects of [Reassure's] (and the predecessor entities that consummated the contract) policies, procedures, and manual that existed at the time of the consummation of the policies at issue and today;

d.   Knowledge about the agreement also referred to as delivery agent services agreement;

e.   Knowledge about the sale of policy number MP0153391 to [Garcia];

f.   Knowledge about the sale of policy number MP0153391 by the predecessor entity that consummated the contract to [Reassure]. Note, this is knowledge about the sale on the secondary markets of the policy in question;

g.   Knowledge about the corporate structure of [Reassure] and the predecessor entities that consumed [sic] or owned the policy in question;

h.   Knowledge about the mergers and acquisitions of the predecessor entities in question and by [Reassure]; and

i.   Knowledge about the liability [Reassure] incurred from its predecessor entities that owned policy number MP0153991.

4

. . . .

IT IS ORDERED that the following documents be produced 30 days from the signing of this order:

a.      The entire file regarding the policy number MP0153991, and the policy number MP0153991;

b.      All collateral agreements (contracts) to the agreement between [Garcia] and [Reassure] and the predecessor entities that consummated or owned the policy in question, including but not limited to any negotiations leading up to its execution, evaluations by risk management and the obligations of [Reassure] and the predecessor entities that consummated or owned the policy in question;

c.      All [Reassure's] (and the predecessor entities that consummated the contract) policies, procedures, and manuals that existed at the time of the consummation of the policies at issue and today with respect to sales, underwriting and insured rights to access to their policies and policy information;

d.      The delivery agent services agreement;

e.      The sales policy and procedural manual of policy number MP0153391 to [Garcia];

f.      The documents reflecting the sale of policy number MP0153391 by the predecessor entity that consummated the contract to [Reassure].  Note, these are documents about the sale on the secondary markets of the policy in question;

g.      Documents with regard to the corporate structure and the changes of [Reassure] and the predecessor entities that consumed or owned the policy in question;

h.      Documents reflecting the mergers and acquisitions of the predecessor entities in question and by [Reassure] . . . .

i.      Documents reflecting the liability [Reassure] incurred from its predecessor entities that owned policy number MP0153991.  If there is an Asset/Purchase agreement or similar document it must be produced[; and]

j.      The underwriting manuals of [Reassure] and the predecessor entities that consummated the contract/policy in question.

This original proceeding ensued. By one issue, Reassure contends that the trial court abused its discretion in granting the petition for presuit depositions. The Court requested and received a response to the petition for writ of mandamus from Garcia, and received a reply from Reassure.

## II. STANDARD FOR MANDAMUS REVIEW

Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Frank Motor Co.*, 361 S.W.3d 628, 630–31 (Tex. 2012) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "A trial court has no discretion in applying the law to the facts or determining what the law is." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135. We assess the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re State*, 355 S.W.3d 611, 614–15 (Tex. 2011) (orig. proceeding); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). In performing this balancing, we look at a number of factors including whether mandamus review "will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re State*, 355 S.W.3d at 615 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136).

An improper order under Rule 202 may be set aside by mandamus. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding); *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding); *In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 80 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding); *In re Hewlett Packard*, 212

6

S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding)).[3]  In this regard, we note that depositions, once taken, cannot be "untaken," *see In re Jorden*, 249 S.W.3d at 419, and mandamus has historically issued for discovery that is "well outside the proper bounds." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding); *see also In re Chernov*, 399 S.W.3d 234, 235 (Tex. App.—San Antonio 2012, orig. proceeding) (holding that a party to a Rule 202 proceeding has no adequate remedy by appeal if the trial court abused its discretion in ordering discovery that would compromise procedural or substantive rights)).  We review the trial court's order granting the verified petition to take depositions before suit under an abuse of discretion standard.  *Patton Boggs LLP v. Mosely*, 394 S.W.3d 565, 568–69 (Tex. App.—Dallas 2011, no pet.); *In re Hewlett Packard*, 212 S.W.3d 356, 360 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]).

### III. APPLICABLE LAW

Texas Rule of Civil Procedure 202 permits a person to petition the court for authorization to take a deposition before suit is filed in two circumstances:  (1) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (2) to investigate a potential claim or suit.  TEX. R. CIV. P. 202.1(a), (b).  A Rule 202 petition must, in summary:

      (1)     be verified;

---

[3] The Texas Supreme Court has explained that presuit deposition orders are appealable only if sought from someone against whom suit is not anticipated.  *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) (citing *Ross Stores, Inc. v. Redken Labs., Inc.*, 810 S.W.2d 741, 742 (Tex. 1991)).  In contrast, when presuit depositions are sought from an anticipated defendant, as in this case, such orders have been considered ancillary to the subsequent suit, and thus are neither final nor appealable. *In re Jorden*, 249 S.W.3d at 419 (citing *Office Emp. Int'l Union Local 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965)) ("The taking of depositions to perpetuate testimony is ancillary to the anticipated suit."); *see also Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 381–82 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) ("Mandamus is the proper vehicle to challenge a Rule 202 order when the order seeks discovery from a party against whom suit is anticipated.").

(2)     be filed in the proper court of any county where venue of an anticipated suit may lie or where the witness resides, if no suit is anticipated;

(3)     be in the name of the petitioner;

(4)     state either that the petitioner anticipates the institution of suit in which the petitioner may be a party or that the petitioner seeks to investigate a potential claim;

(5)     state the subject matter of the anticipated action, if any, and the petitioner's interest therein;

(6)     if suit is anticipated, state the names, addresses, and telephone numbers of the persons petitioner expects to have interests adverse to petitioner's, or state that this information cannot be ascertained through diligent inquiry and describe those persons;

(7)     state the names, addresses, and telephone number of the persons to be deposed, the substance of the expected testimony, and the petitioner's reasons for wanting the testimony; and

(8)     request an order authorizing the petitioner to take the depositions of the persons named in the petition.

*See generally id.* R. 202.2(a)–(h). The trial court "must" order the deposition to be taken "if, but only if," it finds that: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *Id.* R. 202.4(a). The Texas Supreme Court has expressly held that these findings may not be implied from support in the record. *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding).

"Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *In re Jorden*, 249 S.W.3d at 423.

8

Accordingly, courts must strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule. *In re Wolfe*, 341 S.W.3d at 933. Rule 202 was not intended as a means of obtaining otherwise unobtainable discovery. *See id.* (noting that petitioner "cannot obtain by Rule 202 what it would be denied in the anticipated action"). Rule 202 expressly limits the scope of discovery in depositions to "the same as if the anticipated suit or potential claim had been filed." *Id.* (citing TEX. R. CIV. P. 202.5). Rule 202, like all the rules of civil procedure, was fashioned by the Texas Supreme Court as a means of "obtain[ing] a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *City of Dallas v. Dallas Black Fire Fighters Ass'n*, 353 S.W.3d 547, 554 (Tex. App.—Dallas 2011, no pet.) (citing TEX. R. CIV. P. 1); *see Combs v. Tex. Civil Rights Project*, No. 03-11-00538-CV, 2013 WL 4820176, at *4 (Tex. App.—Austin Aug. 29, 2013, no pet.).

## IV. ANALYSIS

As stated previously, Reassure contends that the petition fails to meet the requirements of Rule 202.[4] *See generally* TEX. R. CIV. P. 202.2. Reassure specifically contends, inter alia, that the petition failed to identify the persons with interests adverse to Garcia's, failed to identify the substance of the testimony being sought, and failed to give any reason for Garcia's desire to obtain the documents and testimony. Rule 202 expressly requires the petition to state the "substance of the testimony that the petitioner expects to elicit from each and the petitioner's reasons for desiring to obtain the testimony of each." *Id.* R. 202.2(g).

---

[4] Some of Reassure's many contentions relate solely to those portions of Rule 202 that apply to presuit depositions in which suit is anticipated, rather than those pertaining to the investigation of a potential claim or suit. *See, e.g.*, TEX. R. CIV. P. 202(f)(2). However, the petition and order in this case expressly reference both rationales for presuit depositions because they expressly seek and order depositions for use in an anticipated suit and to investigate a potential claim or suit.

9

The petition in this case states that the "subject matter of the anticipated suit is with regard to the policy number MP0153991 belonging to [Garcia]," and that Garcia's "interest in the anticipated suit is that he holds potential legal causes of action." Garcia alleged that the "substance of the information and testimony [he] expects to elicit from the persons involves business records, and any and all information regarding the names of employees who were working at the time of the incident, and any information pertaining to the incident made the basis of this cause."

In examining Reassure's contention that Garcia's petition is insufficient, we are mindful that Rule 202 does not require a petitioner to plead a specific cause of action; instead, it requires only that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein. *See In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (noting that requiring a Rule 202 petitioner to plead a viable claim "would eviscerate the investigatory purpose of Rule 202 and essentially require one to file suit before determining whether a claim exists" and would place "counsel in a quandary, considering counsel's ethical duty of candor to the court and the requirements of [rule 13]"); *see also City of Houston v. U.S. Filter Wastewater Grp., Inc.*, 190 S.W.3d 242, 245 n.2 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Rule 202 does not require a petitioner to plead a specific cause of action."). In other words, the nature of Rule 202 as an investigatory tool necessitates some breadth of pleading and dictates that we liberally construe the petition.

We nevertheless agree with Reassure that Garcia's petition does not comply with the requirements of Rule 202. The petition only states that the depositions are sought

"for use in an anticipated suit in which [Garcia] may be a party," the "subject matter of the anticipated suit is with regard to the policy number MP0153991," and Garcia's "interest in the anticipated suit is that he holds potential legal causes of action." Garcia alleged that the "substance of the information and testimony" expected "involves business records, and any and all information regarding the names of employees who were working at the time of the incident, and any information pertaining to the incident made the basis of this cause."

The petition does not otherwise describe the "incident made the basis of this cause," identify the date or dates that the "incident" occurred, the anticipated suit, or the potential claim or suit. *See* TEX. R. CIV. P. 202.2. The petition does not name any adverse parties or state that they cannot be identified through diligent inquiry. *See id.* Further, the petition does not state why the depositions would prevent a failure or delay of justice in an anticipated suit or why the likely benefit of the depositions outweighs their burden or expense. *See id.*; R. 202.1, 202.4. In this regard, we note that the scope of discovery is delineated by the subject matter of the anticipated action. *See* TEX. R. CIV. P. 192.3(a); *see also In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). A petition that merely tracks the language of Rule 202 in averring the necessity of a presuit deposition, without including any explanatory facts regarding the anticipated suit or the potential claim, is insufficient to meet the petitioner's burden. *Cf. In re Does*, 337 S.W.3d at 865 (concluding that Rule 202's required findings cannot be implied from support in the record and noting that the petitioner "made no effort to present the trial court with a basis for the [Rule 202] findings. Not only are the allegations in its petition and motion to compel sketchy, they mostly concern possible

11

causes of action by Klein, who is not a party to the proceeding."). There is nothing in Garcia's petition which provides the trial court or Reassure with any facts regarding the alleged "incident made the basis of this case" other than the bare identification of the insurance policy at issue.

The arguments advanced by Garcia's counsel at the hearing on the petition do not further elucidate these matters. Counsel asserted that the suit involves Reassure's sale of a funeral policy and the "chain of custody" regarding the corporate structure and responsibilities for the policy. Garcia's counsel argued that Reassure "ha[d] done some wrong not only to [Garcia] but to a whole litany of elderly people that [Reassure has] taken advantage of." Counsel asserted that the information sought was necessary to "give us a foot inside of the door to all of the, you know, skeletons, knives and, you know, pistols that they have inside of there." The deficiencies in the petition were not alleviated by any evidence adduced at the hearing on the petition. In the instant case, Garcia did not offer his verified petition into evidence at the hearing and offered no supporting evidence or testimony.[5]

As the petitioner, Garcia had the burden to show either that allowing him to take the depositions would prevent a failure or delay of justice in an anticipated suit, or that the likely benefit of allowing him to take the requested depositions to investigate a potential claim or suit outweighs the burden or expense of the procedure. *See In re*

---

[5] Given our holding, we need not address the evidentiary requirements for an order granting a petition for presuit depositions. *See, e.g., In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 796 (Tex. App.—Beaumont 2003, orig. proceeding) ("Given that the real parties in interest adduced no evidence of imminent loss of the witnesses' testimony, the prejudice to the insurance company in having to submit its employees for deposition far outweighs any benefit to the real parties in interest."); *see also In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *5 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.) (holding that the Rule 202 petition itself does not constitute evidence for purposes of supporting the required findings).

12

*Hewlett Packard*, 212 S.W.3d at 363–64; *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 796 (Tex. App.—Beaumont 2003, orig. proceeding); *see also In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *5 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.); *In re Campos*, No. 02-07-00197-CV, 2007 WL 2013057, at *4 (Tex. App.—Fort Worth July 12, 2007, orig. proceeding [mand. denied]) (mem. op. per curiam). To obtain an order authorizing presuit depositions, the petitioner must make some effort to present the trial court with a basis for one of these required findings. *See In re Does*, 337 S.W.3d at 865. As stated by the Texas Supreme Court, the allegations in the petition must be more than "sketchy." *See id.* We conclude that Garcia's petition in this case is insufficient to meet the requirements of Rule 202.

We finally turn to Reassure's ultimate complaint that the order at issue exceeds the scope of permissible discovery. The rules of procedure provide that the scope of discovery includes any unprivileged information that is relevant to the subject matter of the action, even if it would be inadmissible at trial, as long as the information sought appears "reasonably calculated to lead to the discovery of admissible evidence." Tex. R. Civ. P. 192.3(a); *see also In re CSX Corp.*, 124 S.W.3d at 152. Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex. R. Evid. 401. The phrases "relevant to the subject matter" and "reasonably calculated to lead to admissible evidence" are liberally construed to allow litigants to obtain the fullest knowledge of the facts and issues prior to trial. *Axelson v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding); *In re Exmark Mfg. Co.,*

13

*Inc.*, 299 S.W.3d 519, 526 (Tex. App.—Corpus Christi 2009, orig. proceeding [mand. dism'd]); *see also* Tᴇx. R. Cɪv. P. 1.

Reassure contends, among other arguments, that the trial court's order requires discovery on subjects and documents that were not requested in the petition. For instance, Garcia's petition does not request discovery from persons knowledgeable regarding Reassure's predecessor entities, but the order requires the deposition of persons knowledgeable regarding Reassure's predecessor entities, including the predecessors' policies, procedures, and manuals, their corporate structure, their mergers and acquisitions, and the liability they transferred to Reassure. Garcia's petition requests the production of four categories of documents; whereas the order requires the production of ten categories of documents. We agree that a party cannot be compelled to produce discovery that has not been requested. *See In re Exmark Mfg. Co., Inc.*, 299 S.W.3d at 531; *In re Lowe's Companies, Inc.*, 134 S.W.3d 876, 880 n.1 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding). Accordingly, the trial court abused its discretion to the extent that it ordered the production of discovery that was not requested.

Finally, Reassure contends that the requested discovery goes well beyond the scope of permissible discovery and constitutes an impermissible fishing expedition. While Reassure invites us to determine the appropriate scope of discovery in this matter, we decline to do so. Given our holdings in this matter, any such analysis would be unnecessary. *See* Tᴇx. R. Aᴘᴘ. P. 47.1. Moreover, the proper scope of discovery is delineated by reference to the subject matter of the action, and we have already held that Garcia's petition insufficiently identified any "anticipated suit" or "potential claim or

14

suit," and thus, any such inquiry would fail at the inception. *See* TEX. R. CIV. P. 192.3(a), 202.1, 202.4; *see also In re CSX Corp.*, 124 S.W.3d at 152.

## V. CONCLUSION

The trial court's order of July 11, 2013 granting Garcia's petition for presuit depositions constituted an abuse of discretion because Garcia failed to meet the requirements of Texas Rule of Civil Procedure 202. *See* TEX. R. APP. P. 202; *In re Hewlett Packard*, 212 S.W.3d at 363–64. Moreover, Reassure lacks an adequate remedy by appeal. *See In re Wolfe*, 341 S.W.3d at 933.

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply, is of the opinion that Reassure has met its burden to obtain mandamus relief. *See id.* Accordingly, the stay previously imposed by this Court is lifted. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We conditionally grant Reassure's petition for writ of mandamus. We are confident that the trial court will withdraw its order. The writ will issue only if the trial court fails to comply with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 13th
day of November, 2013.

15