

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00539-CV

**IN RE TIME WARNER CABLE ENTERPRISES, LLC**
and Luquita Joy

Original Mandamus Proceeding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  October 7, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On August 31, 2015, relators Time Warner Cable Enterprises, LLC and Luquita Joy filed a petition for writ of mandamus and motion for emergency relief, complaining of the trial court's order authorizing Luquita Joy's pre-suit deposition to investigate a potential claim. *See* TEX. R. CIV. P. 202. We conclude the order authorizing the deposition constitutes an abuse of the trial court's discretion for which relators would have no adequate remedy by appeal. *See In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding). Therefore, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 2015-CI-09313, styled *In re Fernando Ozuna*, pending in the 285th Judicial District Court, Bexar County, Texas, the Honorable Stephani A. Walsh presiding.

**BACKGROUND**

Fernando Ozuna was employed by Time Warner Cable Enterprises, LLC as an Order Management Coordinator from 2011 until the time of his termination in October 2014. Ozuna filed a verified petition seeking the pre-suit deposition of his former supervisor, Luquita Joy, with the production of requested documents, in June 2015. Ozuna requested permission to take Joy's oral deposition for the purpose of investigating a potential claim related to his termination. According to the petition, Ozuna expected to elicit testimony regarding "the circumstances surrounding Mr. Ozuna's separation from employment." He further requested Joy be ordered to produce his personnel file and disciplinary history at the time of her deposition.

Joy and Time Warner filed objections to Ozuna's petition, including that Ozuna was attempting to circumvent the requirement to exhaust administrative remedies before pursuing any claim related to workers' compensation, and that Ozuna's petition failed to satisfy his burden under Rule 202. Time Warner also objected on the basis that it had voluntarily provided Ozuna with documents related to his employment, termination and disciplinary history, making the need for pre-suit deposition to explore those topics unnecessary. At the hearing on his petition, the trial court admitted Ozuna's affidavit in which he testified: Joy had been his supervisor at Time Warner; he informed Joy on October 17, 2014 of his intent to seek workers' compensation benefits; and Joy was present at the time of his termination three days later.

The trial court signed an order granting Ozuna's request for pre-suit deposition on August 21, 2015, based on its finding "that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." The deposition was ordered to be completed not later than September 4, 2015. Relators filed this original mandamus proceeding and requested an emergency stay of the trial court's order. We

granted a temporary stay of the challenged order and requested a response to the petition, which was timely filed on behalf of Ozuna.

## ANALYSIS

The Rules of Civil Procedure provide that a person may petition a trial court for an order authorizing the pre-suit oral deposition of another person to perpetuate testimony for use in an anticipated suit or "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1. The trial court must order such a deposition only if it finds that allowing the deposition "may prevent a failure or delay of justice in an anticipated suit;" or "the likely benefit of allowing . . . the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202.4(a). An improper order authorizing pre-suit deposition under Rule 202 may be set aside by mandamus. *Wolfe*, 341 S.W.3d at 933; *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding); *In re Reassure America Life Ins. Co.*, 421 S.W.3d 165, 171 (Tex. App.— Corpus Christi 2013, orig. proceeding).

Relators' objections to Ozuna's request include that the petition is insufficient as it fails to provide any explanatory facts regarding the nature of the claims to be investigated, the information to be obtained by deposition, and why such information is required in order to evaluate a potential lawsuit. Rule 202 expressly requires the petition to state "the substance of the testimony that the petitioner expects to elicit from each [person to be deposed], and the petitioner's reasons for desiring to obtain the testimony." TEX. R. CIV. P. 202.2(g). Ozuna's petition states only that he expects Joy "to testify about the circumstances surrounding Mr. Ozuna's separation from employment" so that he may investigate "whether or not he has a claim."

While Rule 202 does not require a petitioner to fully plead a specific cause of action, it does require more than the vague statements offered by Ozuna. "A petition that merely tracks the language of Rule 202 in averring the necessity of a presuit deposition, without including any

explanatory facts regarding the anticipated suit or the potential claim, is insufficient to meet the petitioner's burden." *Reassure America Life Ins. Co*., 421 S.W.3d at 173. Ozuna's affidavit does not yield any more specific information, stating only that Joy was his supervisor, was aware of his plan to file a workers' compensation claim, and was present at his termination shortly thereafter. Ozuna does not indicate what information he would need — beyond what is available to him through both his own personal knowledge and the employment and termination records already provided — that Joy would be expected to testify about, the likely benefit to be obtained by allowing him to take the pre-suit deposition, and how or why that benefit outweighs the burden and expense of the deposition to Joy and Time Warner.

As the petitioner, Ozuna had the burden to provide facts to support the trial court's required finding that either the deposition would prevent a failure or delay of justice in an anticipated suit, or the likely benefit of the requested deposition outweighs the burden or expense. TEX. R. CIV. P. 202.4(a); *Reassure America Life Ins. Co*., 421 S.W.3d at 174; *see also In re Hewlett Packard*, 212 S.W.3d 356, 363-64 (Tex. App.—Austin 2006, orig. proceeding). We conclude that Ozuna's petition and the evidence presented at the hearing do not satisfy his burden under Rule 202.

## CONCLUSION

Based on the foregoing analysis, we conclude the trial court abused its discretion in authorizing Joy's pre-suit deposition because Ozuna failed to meet his burden under Rule 202. We further conclude that relators lack an adequate remedy by appeal. *See Wolfe*, 341 S.W.3d at 933. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate the August 21, 2015 order authorizing Joy's deposition. *See Reassure America Life Ins. Co*., 421 S.W.3d at 175. We are confident the trial court will comply. The writ will issue only if the trial court fails to do so within fifteen days from the date of this court's order.

Marialyn Barnard, Justice