

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00103-CV

IN RE WADE MEEKER, JAMES                                     RELATORS
MEEKER, BARNEY HOLLAND, AS
INDEPENDENT EXECUTOR OF
THE ESTATE OF LAWRENCE H.
MEEKER, AND NATASHA
WESSON

----------

### ORIGINAL PROCEEDING
### TRIAL COURT NO. 2014-PR01451-2-B

----------

## OPINION

----------

In this original proceeding,[1] relators Wade Meeker, James Meeker, Barney Holland, as independent executor of the estate of Lawrence H. Meeker, and Natasha Wesson seek a writ of mandamus to compel respondent the Honorable Joe Loving to withdraw his February 24, 2016 "Order Granting Verified Rule 202 Petition and Intervention for Deposition and Subpoena Duces Tecum to

---

[1]*See* Tex. R. App. P. 52.1.

Investigate Potential Claims." We deny relief in part and conditionally grant relief in part.

Relators contend that respondent abused his discretion by granting relief under a petition for presuit discovery filed by real party in interest David Alan Meeker (Alan) under rule of civil procedure 202 and by granting relief under a petition for intervention filed by real party in interest Margaret Meeker (Margaret).[2] *See* Tex. R. Civ. P. 202.1. Alan's and Margaret's petitions were first heard by the Honorable Lin Morrissett, an associate judge. Judge Morrissett orally granted the petitions. Relators requested a de novo hearing. The Honorable Patrick W. Ferchill voluntarily recused himself from the case, and Judge Loving presided over the de novo hearing and granted the relief requested by Alan and Margaret. Relators asked Judge Loving to stay his February 24, 2016 order pending our review of the order through this mandamus proceeding, but he denied that request. Upon a motion filed in this court, on April 1, 2016, we stayed the February 24, 2016 order pending our review of relators' mandamus petition. We have received and considered relators' mandamus petition, the responses filed by real parties in interest, and relators' replies to the responses.

To the extent that the trial court's February 24, 2016 order grants Alan's rule 202 petition, the court is of the opinion that mandamus relief should be denied because the trial court did not clearly abuse its discretion in granting that

---

[2]Alan, Wade, and James are brothers and sons of Lawrence Meeker. Margaret is Lawrence's widow.

relief. *See In re Hayward*, 480 S.W.3d 48, 51–52 (Tex. App.—Fort Worth 2015, orig. proceeding). Although we need not detail all of the reasons that we deny relief with respect to that part of the order, we will briefly respond to the contentions raised by the dissenting opinion. *See* Tex. R. App. P. 52.8(a), (d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 318 (Tex. App.— Houston [1st Dist.] 2006, orig. proceeding) (Keyes, J., concurring) ("[U]nlike review of an appeal, the court of appeals is not required to issue a written opinion explaining its denial of mandamus relief.").

The dissenting opinion contends that the trial court abused its discretion by granting Alan's rule 202 petition for presuit discovery to investigate a potential challenge to Lawrence's will because Alan has accepted benefits under the will and therefore lacks standing to contest it. *See* Dissenting Op. at 5–11; *see also In re Wolfe*, 341 S.W.3d 932, 932–33 (Tex. 2011) (orig. proceeding) (holding that when parties did not have standing on their own to bring a suit for removal of a county official, they could not obtain presuit discovery under rule 202 to investigate the potential removal suit). The dissenting opinion relies upon the general rule that acceptance of benefits in a transaction forecloses an inconsistent challenge to the transaction and upon the more particular principle that one who accepts benefits under a will generally has no standing to contest it. *See Trevino v. Turcotte*, 564 S.W.2d 682, 685–86 (Tex. 1978) ("It is a

3

fundamental rule of law that a person cannot take any beneficial interest under a will and at the same time retain or claim any interest, even if well founded, which would defeat or in any way prevent the full effect and operation of every part of the will."); *Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 711 (Tex. App.—Fort Worth 2013, no pet.) (discussing the general principles of quasi estoppel/acceptance of benefits); *In re Estate of Davis*, 870 S.W.2d 320, 322 (Tex. App.—Eastland 1994, no writ) ("The acceptance of benefits under a will is a form of estoppel.").

The rule concerning acceptance of benefits is designed to prevent "one from embracing a beneficial interest devised to him under a will, and then later *asserting a challenge of the will inconsistent with the acceptance of benefits.*" *Trevino*, 564 S.W.2d at 689 (emphasis added); *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 420 (Tex. App.—San Antonio 2014, pet. denied). Thus, in various contexts, Texas courts have held that when a successful challenge to a transaction would *not* affect the entitlement to benefits already received, there is no inconsistency inherent in the challenge and, thus, no estoppel. *See Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000) (holding that clients were not estopped from suing a firm for payment of part of a settlement because the clients' "initial acceptance of a lesser portion of the settlement [was] not inconsistent with their later assertion that they were entitled to more"); *Carle v. Carle*, 149 Tex. 469, 472, 234 S.W.2d 1002, 1004 (1950) (stating, for example, that when "the reversal of a judgment cannot possibly affect an appellant's right

4

to the benefit secured under a judgment, then an appeal may be taken");[3] *see also Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002) (op. on reh'g) (applying *Carle*'s  exception to estoppel by acceptance of benefits); *Reynolds v. Reynolds*, No. 14-14-00080-CV, 2015 WL 4504626, at *4 n.3 (Tex. App.—Houston [14th Dist.] July 23, 2015, no pet.) (mem. op.) (expressing that an exception to the acceptance-of-benefits rule occurs when the challenge involves only a "right to further recovery"); *Waite v. Waite*, 150 S.W.3d 797, 804 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (explaining that when the challenger to a transaction or judgment accepts only a benefit that is due in any event, the challenger is not estopped).

This exception to the general rule concerning estoppel by acceptance of benefits is well-developed and broadly recognized.  *See* 28 Am. Jur. 2d <u>Estoppel and Waiver</u> § 61 ("One cannot be estopped by reason of accepting that which he or she is legally entitled to receive in any event . . . .  Hence, estoppel against attacking . . . [a] transaction is not ordinarily created by the acceptance of a benefit purporting to be derived therefrom if in fact the party is entitled thereto regardless of whether the . . . transaction is sustained or overthrown."); *see also Bonner Farms, Ltd. v. Fritz*, 355 Fed. Appx. 10, 16 (6th Cir. 2009) (reciting the "longstanding rule" that estoppel "does not arise where the person accepting the benefits is entitled thereto, regardless of the questioned transaction"); *Cook v.*

---

[3]The dissenting opinion relies, in part, on *Carle* in its application of estoppel to Alan's rule 202 petition.  Dissenting Op. at 5–6, 9.

*Ball*, 144 F.2d 423, 438 (7th Cir.) ("It is well settled that even by quasi estoppel one cannot be estopped by reason of accepting that which he is legally entitled to receive in any event."), *cert. denied*, 323 U.S. 761 (1944). More particularly, the exception has been commonly applied to acceptance of benefits under a will. *See* 79 Am. Jur. 2d <u>Wills</u> § 772 ("One cannot be estopped under the general rule that one who has accepted benefits under a will is estopped to contest the will or to attack its validity by accepting a benefit that he or she would be legally entitled to receive in any event." (footnote omitted)); 95 C.J.S. *Wills* § 533 ("Although it is the general rule that one who accepts and retains benefits under a will is estopped to contest the will's validity, one cannot be estopped by accepting that which he would be legally entitled to receive in any event."); *see also In re Burrough's Estate*, 475 F.2d 370, 373 (D.C. Cir. 1973) ("[T]here is no . . . problem of equity and election when the claimant . . . is entitled to the property taken under the will even if he succeeds in the claim outside and against the will."); *In re Will of Smith*, 582 S.E.2d 356, 358 (N.C. Ct. App. 2003) (concluding that estoppel did not bar a challenge to the validity of a will because the devisee would have been entitled to the property even if the will was declared invalid).

Alan argues that this well-recognized exception to the rule of estoppel by acceptance of benefits applies here and cites a Texas case that has applied the exception in a will context. *See Holcomb v. Holcomb*, 803 S.W.2d 411, 414 (Tex. App.—Dallas 1991, writ denied) ("Sid must demonstrate that Anita had in fact

6

received benefits to which she would *not* be entitled under either will . . . . From the record before us, *Sid has failed to establish as a matter of law that Anita accepted benefits under the probated will over those which she would otherwise have been entitled to.*" (emphasis added)). Relators argue that the exception does not apply and cite a case that disagrees with the decision in *Holcomb*. *See In re Estate of McDaniel*, 935 S.W.2d 827, 829 (Tex. App.—Texarkana 1996, writ denied).

The prevailing recognition and application of the exception in other jurisdictions to acceptance of benefits under a will, and the consistent application of the exception in Texas to acceptance of benefits under all other instruments, including judgments, persuades us that the exception applies to will challenges and may apply to these facts.[4] Accordingly, for this and other reasons, relators' petition for writ of mandamus is denied to the extent that they complain about the portions of respondent's February 24, 2016 order that grant relief to Alan on his rule 202 petition.[5]

---

[4]Of course, it is not known whether the exception actually applies here because one purpose of Alan's rule 202 petition is to obtain a copy of Lawrence's prior wills and to determine whether he would have received more benefits under any prior wills or under intestacy than under the will that Alan might challenge. Relators have not directed us to evidence establishing that Alan would have received the same benefits or less benefits under prior wills or under intestacy than he has already received.

[5]Specifically, the order allows Alan to take oral depositions of relators and to obtain production of certain documents in conjunction with the depositions.

With respect to the part of the trial court's February 24, 2016 order that grants Margaret's intervention petition, however, the court is of the opinion that mandamus relief must be granted. "Mandamus relief may be available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy." *Hayward*, 480 S.W.3d at 51–52. An improper order under rule 202 may be set aside by mandamus. *Wolfe*, 341 S.W.3d at 933; *see In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding); *In re Reassure Am. Life Ins. Co.*, 421 S.W.3d 165, 171 (Tex. App.—Corpus Christi 2013, orig. proceeding) (stating that an improper order under rule 202 may be set aside by mandamus because "depositions, once taken, cannot be 'untaken'"); *In re Campos*, No. 02-07-00197-CV, 2007 WL 2013057, at *3 (Tex. App.—Fort Worth July 12, 2007, orig. proceeding) (mem. op.) ("Mandamus relief is appropriate in the context of improperly ordered presuit depositions or presuit rule 202 discovery because relators have no adequate remedy by appeal.").

Alan filed a verified rule 202 petition for presuit discovery in October 2015. In December 2015, Margaret filed an "Intervention to Join Rule 202 Action."[6] In the intervention petition, Margaret alleged that she had requested copies of Lawrence's estate planning documents from relators but that relators had refused to provide the documents. She also alleged that when Alan filed his rule 202

---

[6]Relators argue that rule 202 does not permit an intervention. We need not decide that issue because we hold below that even if an intervention was generally permitted, Margaret's intervention failed to satisfy rule 202's requirements.

petition, relators "took that as their opportunity to cut off all distributions to [Margaret] under [Lawrence's] estate plan, claiming that [his] estate planning documents were being contested." In other words, Margaret pled that she had been "cut off" from receiving distributions from Lawrence's estate "in retaliation for Alan's filing." She alleged,

> The only way to get to the bottom of this family mess is for the documents and information to be put on the table. If the information leads to a will contest or a trust contest or breach of fiduciary duty claims, so be it. More importantly, the information may be sufficient to prevent expensive litigation. On [the] other hand, hiding the documents accomplishes nothing other than to raise everybody's suspicions, foster even more contentious litigation, and subject [Margaret] to unnecessary and inappropriate financial burdens. At the minimum, [Margaret] is entitled to [Lawrence's] earlier estate planning documents so that she can determine what her rights are in the estate and various trusts, with or without a contest of the documents by other parties. Holland, Wade[,] and James should be ordered to produce all wills and Trusts of [Lawrence], in effect as of January 1, 2000 and after.

Relators objected to Margaret's intervention petition and asked the trial court to strike it. They argued, in part, that the intervention petition did not contain the information required by rule 202. Respondent overruled relators' objections to Margaret's intervention petition in his February 24, 2016 order.

Rule 202 allows a person to petition a court for an order authorizing the taking of a deposition to "perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit" or "to investigate a potential claim or suit." Tex. R. Civ. P. 202.1. A rule 202 petition must be verified and must state either that "the petitioner anticipates the institution of a suit in which

9

the petitioner may be a party" or that "the petitioner seeks to investigate a potential claim by or against petitioner." Tex. R. Civ. P. 202.2(a), (d). The petition must also "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." Tex. R. Civ. P. 202.2(e); *see In re East*, 476 S.W.3d 61, 66 (Tex. App.—Corpus Christi 2014, orig. proceeding). Further, the petition must "state the names, addresses[,] and telephone numbers of the persons to be deposed, the substance of the testimony that the petitioner expects to elicit from each, and the petitioner's reasons for desiring to obtain the testimony of each." Tex. R. Civ. P. 202.2(g). The court may order a deposition to be taken if it finds that "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit" or that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure."[7] Tex. R. Civ. P. 202.4(a).

As we have explained,

> Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are. . . . Accordingly, courts must strictly limit and carefully supervise presuit discovery to prevent abuse of the rule.

---

[7]Depositions authorized by rule 202 are governed by the rules "applicable to depositions of nonparties in a pending suit." Tex. R. Civ. P. 202.5.

*In re PrairieSmarts LLC*, 421 S.W.3d 296, 305 (Tex. App.—Fort Worth 2014, orig. proceeding) (citations omitted).

Considering Margaret's intervention carefully and construing it strictly, we conclude that the petition does not meet the pleading requirements described above. Margaret does not explicitly allege that she has a potential claim or that she anticipates a suit that she will be involved in. *See* Tex. R. Civ. P. 202.2(d). Instead, her intervention petition focuses on Alan's potential claim, states that other parties are interested in Alan's rule 202 petition, and discusses a potential will contest brought by "other parties" based on Lawrence's alleged lack of mental and testamentary capacity. Margaret does not explicitly contend that Lawrence lacked testamentary capacity, that she would be a plaintiff in any such potential suit, or that she has an interest in such a suit. *See* Tex. R. Civ. P. 202.2(e). Also, Margaret does not state the substance of testimony that *she* expects to elicit during the presuit depositions or *her* reasons for eliciting the testimony. *See* Tex. R. Civ. P. 202.2(g). Rather, by seeking to join Alan's petition, she appears to attempt to piggyback on *his* reasons. We cannot conclude that this attempt satisfies the detailed requirements of rule 202, which relate specifically to the "person" or "petitioner" seeking presuit discovery.[8] *See* Tex. R. Civ. P. 202.1, 202.2(c)–(h).

---

[8]In this court, Margaret contends that because she "simply intervened to join in Alan's petition, she should not have to plead everything that would be required if she had filed her own petition." She cites no authority supporting this proposition.

11

For these reasons, we conclude that the trial court clearly abused its discretion to the extent that it granted Margaret's intervention petition, overruled relators' objections to the intervention and denied their request to strike it, and authorized Margaret to obtain presuit discovery (including taking relators' depositions and obtaining documents), and we hold that mandamus relief is appropriate. *See* Tex. R. Civ. P. 202.1, 202.2(c)–(g); *Wolfe*, 341 S.W.3d at 933; *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (holding that mandamus relief from an order granting a rule 202 petition was appropriate when the allegations in the petition were "sketchy" and concerned possible causes of action by a party other than the petitioner); *Reassure Am. Life Ins. Co.*, 421 S.W.3d at 173 (explaining that a rule 202 petition that does not include "explanatory facts regarding the anticipated suit or the potential claim . . . is insufficient to meet the petitioner's burden"); *see also In re Contractor's Supplies, Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *5 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.) ("A trial court abuses its discretion by ordering a presuit deposition if the petitioner does not make the showing required by rule 202.").

The trial court's February 24, 2016 order granting Margaret's intervention and allowing her to participate in presuit discovery under rule 202 constituted an abuse of discretion because Margaret failed to meet the requirements of the rule. *See* Tex. R. Civ. P. 202. Relators lack an adequate remedy by appeal. *See Wolfe*, 341 S.W.3d at 933. Accordingly, we conditionally grant relators' petition

12

for writ of mandamus to the extent that relators challenge the parts of the trial court's February 24, 2016 order granting relief to Margaret. We are confident that respondent will set aside the order to that extent. The writ will issue only if respondent fails to comply.[9]

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

WALKER, J., filed a dissenting opinion.

DELIVERED:  June 29, 2016

---

[9]This court's temporary stay issued on April 1, 2016 is dissolved with respect to the part of the trial court's February 24, 2016 order granting relief under rule 202 to Alan. With respect to the part of the February 24, 2016 order granting relief to Margaret, our temporary stay will be dissolved without further order of this court upon respondent's setting aside that part of the February 24, 2016 order.